## BARTLETT JOHNSTON vs. THÉ BOARD OF COMMISSIONERS OF CLEAVELAND.

Where a *mandamus* was issued, commanding the Board of Commissioners of a county to levy a tax sufficient to pay the plaintiff's claim against the county, and a rule was afterwards served upon them to show cause why they should not be attached for disobedience to the order; *Held* that an answer to the rule, that they had levied a sufficient tax, and placed the lists in the hands of the Sheriff, was responsive and sufficient, and the rule ought to be discharged.

The Justices of a county having failed, for many years, to levy a tax to pay the interest on bonds issued by the county to aid in building a Railroad, the Board of Commissioners should not be required at the suit of creditors to raise in one year, *by taxation*, the whole amount of interest in arrear; but in the case of *mandamus* ordering them to levy a tax and pay the interest, it was a prudent exercise of a discretion to raise part by taxation, and issue county bonds in order to raise the remainder.

*Semble* that proceedings by *mandamus* against the Commissioners of a county should be instituted in the Superior Court of their own county.

Rule to attach for disobedience to peremptory *mandamus*, heard before *Logan, J.,* at Spring Term, 1872, of the Superior Court of MECKLENBURG.

The proceedings were commenced by summons returnable to Spring Term, 1870, of said Court; when a sworn complaint was filed, alleging that the plaintiff was the holder of 148 coupons, of $3.50 each, of certain bonds issued by the County of Cleaveland, under the provisions of an act of Assembly, ratified February 2d, 1857, entitled an " Act to alter and amend the Charter of the Wilmington, Charlotte & Rutherford Railroad Company," that the Justices of the County and their successors, the Board of Commissioners of the County, had hitherto failed to levy a tax, as required by said act, to pay the coupons of the bonds ; and judgment was asked that *mandamus* issue to the defendants requiring them to levy a tax to pay the interest

coupons on the bonds issued under said act, and out of the tax collected to pay the plaintiff's coupons, &c. Notice of application for a *mandamus* was issued, returnable with the summons.

The case was continued until July Special Term, 1871, when after hearing before *Moore, J.*, a peremptory *mandamus* was issued, returnable to Fall Term, 1871, commanding the defendants to levy a tax to pay the interest coupons due on the bonds issued under said act, and out of the proceeds to pay the plaintiff's demand. Upon the return of the writ the defendants filed their answer, stating that they had levied a tax on the persons and property in the county to pay the plaintiff's coupons and costs, and that in order to discharge the further indebtedness of the county due on account of the coupons for said bonds already matured, they were issuing new coupon bonds of the county, bearing eight per cent. interest, &c. Thereupon, an order was made for notice to issue to the defendants to show cause why they should not be attached for disobedience to the *mandamus*. Upon return of the notice the defendants answered, saying that they had done everything in their power to obey the *mandamus*, that they had laid the tax on the 6th November, 1871, and placed the lists in the hands of the Sheriff, with orders to collect as speedily as possible, to wit, on or before the 10th day of May, 1872, the time by which he ought to collect according to the general law of the land ; and that he had had time to collect, but had failed to do so without their consent or procurement, &c.

His Honor discharged the rule, and the plaintiff appealed.

*Jones & Johnston,* for the plaintiffs.
*Bynum,* for the defendants.

PEARSON, C. J. There is no error in the order by which the rule is discharged. We concur with his Honor in the opinion that the answer to the rule was responsive and sufficient.

JOHNSTON *v.* THE BOARD OF COMMISSIONERS OF CLEAVELAND.

We are inclined to the opinion that the rule was improvidently granted in the first instance. It seems to have proceeded upon the ground that the return to the writ of *mandamus* was "frivolous" and *not fit to be noticed*. Otherwise, the rule would have been, to show cause why a more full and perfect return should not be made, the first return being considered insufficient and not fully responsive. Instead of this the rule is, that the defendants show cause why they should not be attached for *disobedience* of the mandate, &c., treating the return to the writ of *mandamus* as a nullity.

We are not required to express an opinion upon this subject, but we are at liberty to say that, in our opinion, the return is both responsive and sufficient, and that the Commissioners seem to have done all that could have been expected under the circumstances. The *Justices of the Peace* of the county had failed to levy and collect an *annual* tax, to keep down the interest of the bonds, as it was their duty to do. When the defendants, "the Board of Commissioners," succeeded to the office and duties of the Justices of the Peace in this regard, and found a very large amount of interest in arrear, was it the duty of the Board of Commissioners to levy and collect a tax in one year, sufficient to pay off the accumulated interest for some fifteen years? or did they have a discretion to endeavor to break the force of this burden upon the tax-payers of the county, by issuing county bonds to raise a part of the amount called for, and levying a tax for the residue? We think the Board of Commissioners had this discretion, and it seems to have been exercised in a discreet manner.

Should the plaintiff be under the necessity of taking other proceedings in order to get his money, it may be well to submit to his counsel this question, Must not a writ of *mandamus* to "the Board of Commissioners of a County" be made returnable to the Superior Court of that County? The propriety of this, in a general point of view, will occur to every one. Are the Commissioners of Cleaveland to be required to make

return to writs of *mandamus* in all and every county of the State, wherever a holder of one of the coupons of a county bond happens to reside? C. C. P., sec. 67, seems to apply. "Against a public officer," for an act done by him by virtue of his office, the proceeding shall be in the county where the act is done. More particularly should this be so, in the writs of *quo warranto* and *mandamus*, where an official act of usurpation, or a failure to do some act which the duties of the office require, constitutes the charge, and in effect amounts to a criminal action, or an action to subject the party to pains and penalties.

There is no error.

PER CURIAM.                                    Judgment affirmed.