LENNIE WATSON v. JAMES S. MITCHELL.

*Process—Return—Officer—Venue—Jurisdiction.*

1. An action against a Sheriff of a county other than that from which the process issued, for making a false return, is properly brought in the Courts of the county to which that process was returnable.

2. The term " return " means that the process must be brought back and produced in the Court whence it issued with such endorsements as the law requires.

This is an appeal from the judgment of *Womack, J.,* at September Term, 1890, of NORTHAMPTON Superior Court, refusing a motion to remove the action for trial to Hertford County.

*Mr. R. B. Peebles,* for plaintiff.
*Mr. B. B. Winborne,* for defendant.

SHEPHERD, J.: The defendant, the Sheriff of Hertford County, is sued in Northampton County for a false return of a summons issued by the Superior Court of the latter county and returnable to the same. He contends that the cause of action arose in Hertford County, and that there was error on the part of the Court in declining his motion to remove.

The argument is, that as the official acts of a county officer are confined to his county, the "return" must necessarily have been made in the same, and therefore the cause of action could only arise therein. It is true, as a general proposition, that the acts of county officers are confined to their counties (*Steele* v. *Commissioners,* 70 N. C., 137), but this has no application to a case like the present. *The Code,* § 200, expressly requires a Sheriff to whom a summons is directed to execute the same and return it to the Superior Court of the county from which it is issued. "The term return, implies

that the process is taken back to the place from which it was issued." Re. Crittenden 2 Flip., 215. "It is the bringing of a process into Court with such endorsements as the law requires, whether they in fact be true or false." *Herman* v. *Childress*, 3 Yerg., 329.

As the statute requires the officer to make his return to the Superior Court of Northampton County, and as the return could not be made elsewhere, it must follow that the cause of action arose in the said county, and that the refusal of his Honor to remove must be affirmed.

Affirmed.