JOHN F. O'BRIEN *vs.* JOHN G. THOROGOOD & others.

SAME *vs.* SAME.

SAME *vs.* JAMES M. W. HALL & others.

Middlesex.   December 5, 6, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*City — Validity of Ordinance — Cambridge Water Board — " Officers of the City " — Statute.*

The St. 1865, c. 153, entitled "An Act for supplying the city of Cambridge with pure water," provided in § 6 as follows: "All the rights, powers, and authority given to the city of Cambridge by this act shall be exercised by said city, subject to all duties, liabilities, and restrictions herein contained, in such manner

and by such agents, officers, and servants as the city council shall from time to time ordain, direct, and appoint." In subsequent acts relating to the water supply, the language is substantially the same. None of these statutes constituted a water board, nor expressly provided that the city council should directly appoint the persons who were to exercise the powers conferred; but ordinances were passed in various years designating the manner of appointing the "agents, officers, and servants," and using the phrase "water board." The St. 1891, c. 364, entitled "An Act to amend the charter of the city of Cambridge," provided in § 9 as follows: "All officers of the city not elected by the qualified voters . . . shall, except as herein otherwise provided, be appointed by the mayor, subject to confirmation by the board of aldermen, and for such terms respectively as are or may be fixed by law or ordinance"; and in § 38 recognized the existence of the water board, and provided that its members should "continue to have and exercise all powers and be subject to all duties now conferred or imposed upon them by law or ordinance until the same shall be modified or repealed." Before 1892 the ordinances provided that the members of this board should be elected by the city council. In 1892, the city council passed the following ordinance: "The water works department shall be under the charge of the Cambridge water board, which shall consist of five persons, to be appointed by the mayor subject to the confirmation of the board of aldermen." *Held*, that the members of the water board were "officers of the city," within the meaning of the statute; and that this ordinance was valid.

THE first case was a petition for a writ of prohibition against the board of aldermen of Cambridge. The second case was a bill in equity against the same board. The third case was a petition for a writ of mandamus against the water board of Cambridge. The cases were heard, the first two together, and the third subsequently, and dismissed, by *Holmes*, J., who, at the petitioner's request, reported all the cases for the determination of the full court. The facts appear in the opinion.

*F. Hunt*, for the petitioner.

*G. A. A. Pevey*, for the respondents.

LATHROP, J. On June 11, 1889, the petitioner was elected by the city council of the city of Cambridge a member of the water board of that city for the term of five years, and until his successor should be duly elected. On July 2, 1894, the mayor appointed one Allen as the successor of the petitioner on the water board, and the appointment was sent to the board of aldermen for confirmation. The petitioner on July 9 filed a petition in this court for a writ of prohibition against the board of aldermen of Cambridge. On the same day he also filed a bill in equity, praying for an injunction against the same persons, to prevent them from acting on the confirmation of Allen. These cases were heard by a single justice of this court, and were

dismissed on July 21. On July 24 the board of aldermen confirmed the nomination of Allen. The petitioner thereupon brought a petition for a writ of mandamus. This petition was heard by a single justice, and was dismissed. The three cases are now reported for our determination.

We have no occasion to consider whether either a writ of prohibition or a bill in equity is a proper remedy to afford the petitioner the relief sought, as it is conceded that, if the petitioner is entitled to relief, a writ of mandamus is an appropriate remedy.

The question in the case is whether Allen was legally appointed. It is admitted that he was so appointed, if an ordinance passed by the city council, and known as c. 26, § 1, of the Revised Ordinances of 1892, is valid. So much of this ordinance as is material to the case is as follows: " The water works department shall be under the charge of the Cambridge water board, which shall consist of five persons, to be appointed by the mayor, subject to the confirmation of the board of aldermen." The petitioner contends that the city council had no legal right to delegate by ordinance the appointment and confirmation of members of the water board to the mayor and aldermen.

The St. of 1865, c. 153, entitled " An Act for supplying the city of Cambridge with pure water," provides in § 6 as follows: " All the rights, powers, and authority given to the city of Cambridge by this act shall be exercised by said city, subject to all duties, liabilities, and restrictions herein contained, in such manner and by such agents, officers, and servants as the city council shall from time to time ordain, direct, and appoint." In subsequent acts relating to the water supply the language is substantially the same. Sts. 1875, c. 165, § 6 ; 1884, c. 256, § 10 ; 1888, c. 137, § 7 ; 1892, c. 421, § 8 ; 1894, c. 520, § 6.

Neither the St. of 1865, c. 153, nor any of the subsequent acts, constitutes a water board, or expressly provides that the city council shall directly appoint the persons who are to exercise the powers conferred. All of the acts contemplate that the manner of exercising the powers conferred, and the persons who shall act as the agents, officers, and servants of the city, shall be determined, as the city council may see fit, by ordinances passed from time to time.

Such ordinances were accordingly passed in 1865, 1867, 1871, 1880, 1889, and 1892. These ordinances designate the manner of appointing the "agents, officers, and servants," and use the phrase "water board." Before 1892 the ordinances provided that the members of this board should be elected, with the exception of certain persons who were *ex officio* members of the board, by the city council. And in 1892 the ordinance was passed which provided that the members of the Cambridge water board should be appointed by the mayor, subject to the confirmation of the board of aldermen.

This change was undoubtedly made in consequence of the passage of the St. of 1891, c. 364, entitled, "An Act to amend the charter of the city of Cambridge." Section 38 recognizes the existence of the Cambridge water board and the commissioners of the Cambridge cemetery, and provides that they "shall continue to have and exercise all powers and be subject to all duties now conferred or imposed upon them by law or ordinance until the same shall be modified or repealed." This section, however, makes no mention of the manner in which the members of the water board shall be appointed, nor is the Cambridge water board otherwise mentioned by name.

No other provision for the appointment of members of this board is made in the amended charter, unless they are included in § 9, which provides, "All officers of the city not elected by the qualified voters . . . shall, except as herein otherwise provided, be appointed by the mayor, subject to confirmation by the board of aldermen, and for such terms respectively as are or may be fixed by law or ordinance." We have no doubt that the members of the water board are officers of the city within the meaning of that term in this section, and that it was competent for the city council to pass the ordinance under which Allen was appointed and confirmed as the successor of the petitioner.

The result is that the petition for a writ of prohibition, the bill in equity, and the petition for a writ of mandamus must be dismissed.

*So ordered.*