BREVARD LIGHT AND POWER COMPANY et als. v. BOARD OF LIGHT AND WATER COMMISSIONERS OF CONCORD, N. C.

(Filed 23 December, 1909.)

**Municipal Corporation—Municipal Agencies—Removal of Causes.**

Under chap. 71, Private Laws of 1905, the defendant board was created a department or agency of the municipal corporation of Concord, and, among other things, expressly created for the purpose of operating and maintaining a system of waterworks and lights for the city; and a cause of action for damages for breach of contract made by the board within the scope of its public duties brought in a different county should be removed to the county wherein the town is situate, irrespective of the question as to whether the damages arose for a negligent discharge of an administrative duty or a technically governmental one. Revisal, sec. 420 (2).

APPEAL from *Ferguson, J.,* April Term, 1909, of TRANSYLVANIA.

This was a civil action, heard by *Ferguson, J.,* at April Term, 1909, of the Superior Court of Transylvania County, on motion of defendant to remove the trial to the county of Cabarrus.

His Honor overruled the motion, and defendant appealed.

The complaint alleged that the plaintiff is a partnership, composed of three named persons, located and doing business at Brevard, in Transylvania County; that the plaintiff's business is the furnishing lights to the town of Brevard and its inhabitants, and it has an equipment for that purpose; that, needing additional equipment, it contracted to buy from the defendant certain machinery offered by it for sale, and a cause of action arose to it by reason of the delay of the defendant, in violation of its contract with plaintiff, which resulted in the damages sued for. The defendant denied in its answer any breach of contract and liability to the plaintiff; and, in support of its motion, averred it was a corporation, created by the Legislature of this State as a branch or agency of the city of Concord, and all of its duties were public in their character and related solely to the discharge of the duties prescribed by law in the government of the said city, as set forth in chapter 71, Private Laws 1905, entitled "An act to amend the charter of the town of Concord."

*Welch Galloway, R. L. Gash, W. W. Zachary* and *Shepherd & Shepherd* for plaintiff.
*Montgomery & Crowell* and *Smith & Schenck* for defendant.

MANNING, J., after stating the facts: The learned counsel for the plaintiff concede in their brief that if the decision of this Court in *Jones v. Statesville,* 97 N. C., 86, is applicable, his Honor erred in denying the motion of defendant to remove the action for trial to Cabarrus County. We are satisfied, from an examination of the provisions of the act creating the defendant, to-wit, chapter 71, Private Laws 1905, entitled "An act to amend the charter of the town of Concord," that the defendant is nothing more than a public corporation—*quasi* municipal—a department or agency of the municipal corporation, the town of Concord, charged with prescribed duties and powers in the administration of the affairs of said town, and incorporated solely to enable it to better discharge the public duties imposed upon it. The sixth section of the act would seem to remove all doubt as to the correctness of this conclusion by providing that "the contracts and engagements, acts and doings of said board, within the scope of its duty or authority, shall be obligatory upon and be in law considered as if done by the board of aldermen of the city of Concord; and said board of commissioners shall, for the city of Concord, take and hold the land, real estate, rights, franchises and the property of every kind now owned by said city of Concord, all that may hereafter be purchased for the purpose of

operating and maintaining a system of waterworks and lights for said city," etc. The cause of action alleged by the plaintiff against the defendant arises from an alleged breach of contract in the sale of certain machinery belonging to the defendant and determined by it to be unnecessary in the proper performance of its duties, under the provisions of the act creating it. Section 420 (2), Revisal 1905, provides that actions for the following causes must be tried in the county where the cause, or some part thereof, arose "against a public officer or person especially appointed to execute his duties for an act done by him by virtue of his office."

In *Jones v. Statesville, supra*, this section was construed by this Court, in the following language, to embrace a municipal corporation: "The defendant is a municipal corporation, public in its nature; it is an artificial person, created and recognized by the law, invested with important corporate powers, public and, in a sense, artificial in their nature, and charged with public duties, which it executes by and through its officers and agents. We therefore think that actions against it fairly come within the meaning of and are embraced by the statutory provision first above recited."

It is unnecessary to determine with exactness whether the duties of the defendant are administrative, in this character, for a negligent discharge of which an action for damages would lie, as in *Jones v. Statesville, supra; Fisher v. New Bern*, 140 N. C., 506, and that class of cases; or technically governmental in their character, for a breach of which an action for damages will not lie, as in *Melz v. Asheville*, 150 N. C., 748; *McIlhenny v. Wilmington*, 127 N. C., 146; *Hull v. Roxboro*, 142 N. C., 453; for the reason that the real question is whether the defendant is simply an agency of the city of Concord, charged with important duties, public in their nature. We think that it is. Our conclusion is sustained by the decisions of the Supreme Court of Massachusetts in *O'Brien v. Thoragood*, 162 Mass., 598; *St. Louis v. Shields*, 62 Mo., 247; *People v. Solomon*, 51 Ill., 37; *Horton v. School Commissioners*, 43 Ala., 598. In our opinion, the defendant's motion to remove the action for trial to the county of Cabarrus, in which the city of Concord is situate, ought to have been allowed, and his Honor erred in denying it. The order of his Honor is

Reversed.