### Y. F. CECIL v. CITY OF HIGH POINT.

#### (Filed 29 April, 1914.)

**1. Statutes—Interpretation.**

Statutes upon the same subject-matter should be construed together so as to harmonize different portions apparently in conflict, and to give to each and every part some significance, if this can be done by fair and reasonable interpretation.

**2. Actions — Venue—Damages—Lands—Official Acts—Statutes—Interpretation.**

The venue of an action to recover from an incorporated town damages to the lands of an owner situated in an adjoining or different county, caused by the improper method of emptying its sewage into an insufficient stream of water, is properly in the county wherein the town is situated, for such arise by reason of the official conduct of municipal officers and is regulated by Revisal, sec. 420, and this interpretation of the statute is not irreconcilable with the provisions of section 419, requiring, among other things, that an action to recover damages to lands shall be brought in the county where the lands or some portion thereof is situated, for the first named section being in general terms, the latter should be construed as an exception to its provisions.

APPEAL by plaintiff from *Lane, J.,* at February Term, 1914, of DAVIDSON.

Civil action heard on motion for change of venue.

From a perusal of the pleadings, it appears that the action was instituted in Superior Court of Davidson County, against the city of High Point in Guilford County, to recover damages caused by reason of its sewerage plant and system, operated in the corporate limits of the city.

The complaint alleged, with great fullness of detail, that defendant corporation, in the operation of the sewerage system, dumps its sewage into a branch in the northwestern limits of the city, the same being entirely inadequate, going dry in certain seasons, and in time of sufficient rainfall the deposit is carried down on and upon the lands of plaintiff, situate in the county of Davidson, wrongfully creating a nuisance thereon, to plaintiff's great damage.

CECIL *v.* HIGH POINT.

In apt time, the defendant, by motion duly entered, requested that the cause be removed for trial to the county of Guilford. Motion allowed, and plaintiff excepted and appealed.

*Phillips & Bower, McCrary & McCrary, and E. E. Raper for plaintiff.*

*Walser & Walser, Peacock & Dalton, and B. W. Parham for defendant.*

HOKE, J., after stating the case: Section 419 of our Revisal, among other things, provides generally that actions to recover real property or any interest therein or for injuries thereto shall be brought in the county where the subject of the action or some part thereof is situated; section 420, that actions against a public officer or person specially appointed to execute his duties for an act done by him by virtue of his office must be instituted in the county where the cause or some part thereof arose, etc., etc. In numerous cases in this State, interpreting this latter section, 420, the Court has held that where the action involved, in whole or in part, the official conduct of a municipal officer in the county of its situs, the cause of action should be said to have arisen in that county, within the meaning of the section, and the same should be instituted and tried there, subject to the right of the court, by subsequent order, to change the place of trial in "cases provided by law." *Brevard Light and Power Co. v. Board of Light and Water Commissioners of Concord,* 151 N. C., 558; *Jones v. Statesville,* 97 N. C., 86; *Steele v. Commissioners of Rutherford,* 70 N. C., 137; *Jones v. Commissioners of Bladen,* 69 N. C., 412; *Johnston v. Commissioners of Cleveland,* 67 N. C., 101.

In *Jones v. County Commissioners,* 69 N. C., *supra,* plaintiff sued in his own county on a bond of defendant. On motion, the action was dismissed under the practice as it then prevailed, the Court holding that the suit should have been brought in defendant's county. *Rodman, J.,* dissented on the ground that, it being the duty of the debtor to find his creditor and pay him, the default occurred in the county of plaintiff's residence; but this view, as we have seen, was rejected, the

Court holding, as stated, that "suits against county commissioners, as such, must be brought in the county of which they are commissioners." 、

In the subsequent case of *Steele v. County Commissioners,* *Reade, J.,* referring to the case and to the position taken by the dissenting judge, said: "The dissenting opinion of our learned brother, *Rodman,* was based upon the first clause above, and upon his conclusion that the proximate cause of action was the failure of the commissioners of Bladen to seek their creditor, who lived in Cumberland County, to which the suit was brought, and pay him his debt. We did not think that the failure to pay the debt was the cause of action spoken of in the statute; but that the debt itself was the cause of action. And that the expression, 'where the cause of action arose,' meant where the debt was contracted or originated. And that view is strengthened by the second clause above, 'against a public officer . . . for an act done by him by virtue of his office.' Now, as an officer's official acts are confined to his county, and as the cause of action is his official act, it follows that the cause of action spoken of 'arose' in the county in which the commissioners acted; and not out of their county where they did nothing 'by virtue of his office.' It seemed to us to be the policy to require that all public officers, when sued about their official acts, should be sued in the county where they transact their official business. And the same policy is extended to executors, administrators, and guardians, where they are sued. *Stanley v. Mason,* 69 N. C., 1."

The language of section 420 more especially pertinent to the inquiry is that an action against a public officer for an act done by virtue of his office shall be tried in the county where the cause of action or *some part thereof* arose, and our cases just referred to, construing the statute, are in accord with authoritative decisions in other States, in which it is held that where the cause of an alleged grievance is situate or exists in one State or county and the injurious results take effect in another, the courts of the former have jurisdiction. In the ab-

sence of a statute, doubtless the courts of either would enter-
tain the suit (*Nanville County v. Worcester,* 138 Mass., 89;
*Foot v. Gilbert & Edwards,* 3 Blatch., C. C. Rep., 316; *Still-
man v. Manufacturing Co.,* 23 Fed. Cases, No. 13446), and the
position finds support in ·a line of cases holding that actions
against municipal corporations or municipal officers, on ac-
count of official conduct within their bailiwick, are inherently
local in their nature, and unless a statute to the contrary is
explicit and peremptory, a sound public policy forbids that
such officer, in cases of that character, should be required, for
unlimited and uncertain periods of time, to forsake their civic
duties and attend the courts of a distant forum. The private
convenience in such case must yield to the public good. *Mayor
and City of Nashville v. Webb,* 114 Tenn., 432; *Board of Direc-
tors v. Bodkins Bros.,* 108 Tenn., 700; *Oil City v. McAbuy,* 74
Pa. St., 249; *Packwoods & Co. v. The Township of Greenbush,*
62 Mich., 122, and the cases of *Hecksher and others v. City of
Philadelphia,* 9 Atlantic, 281, and *Walter Horne et al., Com-
missioners, v. City of Buffalo,* 56 N. Y. Supreme Court, 76,
seem to be direct authorities in support of his Honor's ruling.
This being the authoritative interpretation of our Revisal, sec.
420, the position must, in our opinion, prevail, notwithstanding
the provision of section 419, to the effect generally that "actions
concerning realty or rights therein must be determined in the
county where the same or some part thereof is situate." If
these two sections were in direct and necessary conflict, there
is authority for the position that section 420, being later in
point of arrangement, should control (*Hand v. Stapleton,* 135
Ala., 156), but, apart from this, it is well understood that a
law should be construed so as to harmonize the different por-
tions, giving each and every part some significance, if this can
be done by fair and reasonable interpretation, and further, that
when a statute expresses first a "general intent and afterwards
an inconsistent particular intent, the latter shall be taken as
an exception of the former, and both shall stand." *School Com-
missioners v. Aldermen,* 150 N. C., pp. 191-198; 1 Lewis Suther-
land Statutory Constructions, sec. 268; Black Interpretation of

Laws, p. 60. And applying these two recognized rules of statutory construction, we are of opinion that, to the extent that they are inconsistent, the latter section should be considered an exception to the former. The general rule being that where an action is to recover realty or for injuries to same or to determine rights or interests therein, the proper venue is in the county where the land or some part thereof is situate, but in cases where the injury is caused by reason of the official conduct of municipal officers, within their territory, then section 420 applies, and actions against the municipality must be instituted in the county of its situs.

We are of opinion that his Honor made correct decision in directing a change of venue, and the judgment is

Affirmed.