D. W. McFADDEN v. A. J. MAXWELL, COMMISSIONER OF REVENUE, ET AL.

(Filed 22 January, 1930.)

**Taxation A a—Action to recover amount paid as license tax is removable to Wake County on motion of Commissioner of Revenue.**

License taxes assessed by the Commissioner of Revenue are assessed and payable in his office in Wake County, and where a person who has paid a license tax so assessed demands its refund and brings action to recover the amount paid on the ground that the tax was wrongfully assessed against him, his cause of action arose in Wake County, and where the suit is brought in the court of another county it is removable to Wake County upon motion of the Commissioner, C. S., 464, subject to the power of the court to change the place of trial as provided by C. S., 471.

APPEAL by defendants from order of *Schenck, J.*, at May Term, 1929, of BUNCOMBE. Reversed.

This action was begun in the Superior Court of Buncombe County to recover the sum of $420, paid by the plaintiff, a resident of said county, to the defendant, the Commissioner of Revenue of North Carolina. The said sum of money was demanded of plaintiff by said Commissioner of Revenue as a license tax assessed against the plaintiff under the provisions of section 209(c) of chapter 80, Public Laws of North Carolina, 1927.

In his complaint plaintiff alleges that said license tax was wrongfully and unlawfully assessed against him and that plaintiff paid the same under protest, in writing, and immediately demanded the return of the sum of money so paid by the said Commissioner of Revenue. Upon the

refusal of said demand, this action was begun in accordance with the provisions of section 464, chapter 80, Public Laws of North Carolina, 1927.

The action was heard upon defendant's appeal from the order of the clerk of the Superior Court of Buncombe County, denying defendant's motion made in apt time, that the action be removed from the Superior Court of Buncombe County to the Superior Court of Wake County, for trial, in accordance with the provisions of C. S., 464.

From the order of Judge Schenck, affirming the order of the clerk, and denying their motion for the removal of the action for trial, defendants appealed to the Supreme Court.

*Ward & Allen for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Siler for defendants.*

Connor, J. The only question presented by this appeal is whether there was error in the refusal of defendants' motion for the removal of the action, for trial, from the Superior Court of Buncombe County, where the action was begun, to the Superior Court of Wake County, where defendants, public officers, who are sued by reason of their official acts, allege that the cause of action upon which plaintiff demands relief, arose. If there was error in the order refusing the motion, the order must be reversed; otherwise, it must be affirmed.

Ordinarily, and subject to statutory provisions not applicable to the instant case, an action begun and pending in the Superior Court of the county in which the plaintiff resides, must be tried in said county. C. S., 469. Where, however, the action is against a public officer, and the cause of action is founded upon his official acts, the action must be tried in the county where the cause of action, or some part thereof, arose, subject to the power of the court to change the place of trial, in cases as provided by law. C. S., 464. If the action against a public officer is begun in the Superior Court of a county other than that in which the cause of action arose, it may nevertheless be tried in said county, if the defendant does not, in apt time, file a motion for its removal to the proper county. By failure to file such motion, he waives the right of removal, and the action may be tried in the county in which it was begun and is pending. *Ragan v. Doughton,* 192 N. C., 500, 135 S. E., 328. Actions against State officers, authorized by statute, to recover sums paid as taxes, upon the allegation that the tax was invalid or wrongfully and unlawfully assessed, have generally been brought in Wake County. *Tea Co. v. Doughton,* 196 N. C., 145, 144 S. E., 701. The question to be decided on this appeal does not seem to have been heretofore presented to this Court.

License taxes, assessed by the Commissioner of Revenue of this State, under statutory authority, are due and payable at his office in the city of Raleigh, in Wake County. When such taxes are paid, they are paid, usually in fact, and always in contemplation of law, in Wake County. Where a person, who has paid a license tax assessed against him by the Commissioner of Revenue of the State, brings an action against said Commissioner to recover the amount paid on the ground that the tax was wrongfully and unlawfully assessed against him, he must allege as facts constituting his cause of action, payment of the tax, and demand upon the Commissioner for its refund. Both the payment of the tax and the demand are made in Wake County where, as required by statute, the Commissioner maintains his office, and where his official duties are performed. If the action, as authorized by the statute (section 464, Public Laws of N. C., 1927) is begun in the Superior Court of a county other than Wake County, the Commissioner is entitled as a matter of right to have the action removed to the Superior Court of Wake County for trial, under the provisions of C. S., 464, subject to the power of said court to change the place of trial in cases as provided by law. C. S., 471.

A sound public policy forbids that a public officer, when sued upon a cause of action founded upon his official conduct, should be required to leave his office, and attend courts in distant counties, to defend the action. McIntosh N. C. Prac. & Proc., p. 267. As said in *Cecil v. High Point,* 165 N. C., 431, 81 S. E., 616: "The private convenience must yield to the public good." If the law were otherwise, the State's business, which must be performed by its officers at their offices in the city of Raleigh, in Wake County, would suffer because of the absence of these officers from their offices, in attendance upon courts of other counties.

Defendants' motion for the removal of this action from the Superior Court of Buncombe County to the Superior Court of Wake County should have been allowed. For error in refusing the motion, the order must be

Reversed.