IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-7

Filed 16 July 2024

Cumberland County, No. 23 CVS 3194

ENNIS W. WRIGHT, IN HIS OFFICIAL CAPACITY AS SHERIFF OF CUMBERLAND COUNTY, Plaintiff,

v.

BETH A. WOOD, IN HER OFFICIAL CAPACITY AS NORTH CAROLINA STATE AUDITOR AND IN HER INDIVIDUAL CAPACITY, Defendant.

Appeal by Defendant from Order entered 29 August 2023 by Judge Andrew Hanford in Cumberland County Superior Court. Heard in the Court of Appeals 29 May 2024.

*Ronnie M. Mitchell and R. Andrew Porter for Plaintiff-Appellee.*

*Attorney General Joshua H. Stein, by Assistant Attorney General J. Brooke Schmidly, for Defendant-Appellant.*

HAMPSON, Judge.

**Factual and Procedural Background**

Beth A. Wood (Defendant) appeals from an Order denying her Motion to Dismiss for Improper Venue and Alternative Motion for Change of Venue. The Record before us tends to reflect the following:

In October 2022, employees of Defendant, then Auditor of the State of North Carolina, contacted the office of Ennis W. Wright (Plaintiff) to make an appointment

to meet with Plaintiff.  Plaintiff, the Sheriff of Cumberland County, agreed to meet with Defendant's agents at the Cumberland County Law Enforcement Center.  At the meeting, Defendant's agents informed Plaintiff that the Office of State Auditor intended to conduct an investigation of the Cumberland County Sheriff's Office (CCSO).  As part of this investigation, Defendant's agents requested documents and information, including the CCSO's policy and procedure manual, a complete vehicle listing including whether the vehicle was assigned to a specific employee, and a complete payroll report from 1 January 2020.  CCSO agreed to provide those documents that were public records subject to disclosure, but it stated CCSO is not a state agency and an investigation or audit of CCSO could only be performed by "appropriate agencies or officials[,]" of which the State Auditor was not one.

After communications with Plaintiff's counsel and requests by Plaintiff to provide information about the nature of the investigation, Defendant's agents requested on-site review of several documents, including a specific payroll report, a human resources file for a CCSO employee, and documentation related to CCSO purchases and contracts.  On 9 December 2022, Plaintiff directed copies of the requested public records be made available to Defendant, but he again asked for an explanation of the matter being investigated.  Defendant's agents again requested documents and information from CCSO in February 2023.  At that time, Plaintiff believed these requests exceeded Defendant's authority as State Auditor and were unlawful.  Plaintiff determined to treat Defendant's requests as public records

requests and directed responsive public records be provided to Defendant.

On 8 March 2023, Defendant issued a subpoena to Plaintiff, ordering him to appear and produce to her at the Office of the State Auditor original copies of documents related to Defendant's investigation of CCSO. The subpoena was prepared in Wake County and signed by Defendant in her official capacity as State Auditor. On 17 March 2023, Plaintiff's counsel sent a letter to Defendant informing her Plaintiff was unable to appear on the date requested in the subpoena, again requesting information about the nature of the investigation, and articulating Plaintiff's position regarding the legality of Defendant's actions. On 5 May 2023, Defendant responded by letter, stating the "State [A]uditor has the authority to audit and investigate State agencies, and entities supported, partially or entirely, by public funds . . . [and] [t]his authority extends to auditing and investigating the Sheriff's Office."

On 26 May 2023, Plaintiff initiated this action by filing a Complaint in Cumberland County Superior Court seeking declaratory and injunctive relief. In the Complaint, Plaintiff alleged venue is proper in Cumberland County because "the events[,] transactions[,] and occurrences giving rise to this action arose primarily in Cumberland County, and those events occurring outside Cumberland County related directly to the events occurring in Cumberland County." The Complaint alleged Defendant had exceeded her lawful authority as State Auditor by requesting private documents and information to which she was not entitled and issuing an unlawful

subpoena, and asserted Defendant "will seek to use the power and authority of the Court to compel Plaintiff to act according to Defendant's unlawful subpoena and unlawful demands."

On 30 June 2023, Defendant filed Motions to Dismiss for Improper Venue and Insufficiency of Service of Process; Alternative Motion for Change of Venue. The trial court heard arguments on these Motions on 1 August 2023. At the hearing, counsel for Defendant withdrew the Motion to Dismiss for Insufficiency of Service of Process. As to the issue of venue, Defendant argued N.C. Gen. Stat. § 1-77 applies in this case rather than the general venue statute under N.C. Gen. Stat. § 1-82. Section 1-77 provides actions against a public officer "for an act done by him by virtue of his office" must be tried "in the county where the cause, or some part thereof, arose[.]" N.C. Gen. Stat. § 1-77 (2021).

On 29 August 2023, the trial court entered an Order Denying the Defendant's Rule 12 Motions. In its Order, the trial court stated: "The [c]ourt fully considered the Defendant's motion to dismiss for improper venue, pursuant to Rule 12(b)(3) and N.C. Gen. Stat. §§ 1-77 and 1-82, finds and concludes that dismissal is not warranted, and that motion is denied." Additionally, the trial court stated: "Considering, alternatively, the Defendant's motion to change venue, pursuant to N.C. Gen. Stat. §§ 1-77 and 1-83, the [c]ourt finds and concludes that venue is proper under N.C. Gen. Stat. § 1-82, and that in its discretion the [c]ourt should not order the transfer of this action to another county, and the transfer of venue is denied." On 26 September 2023,

Defendant timely filed Notice of Appeal to this Court.

## **Appellate Jurisdiction**

The trial court's Order denying Defendant's Motion to Dismiss for Improper Venue and Alternative Motion for Change of Venue is an interlocutory order. "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, an appeal is permitted "if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review." *Harris & Hilton, P.A. v. Rassette*, 252 N.C. App. 280, 282, 798 S.E.2d 154, 156 (2017) (quoting *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)). This Court has previously held "[t]he denial of a motion for change of venue, though interlocutory, affects a substantial right and is immediately appealable where the county designated in the complaint is not proper." *Caldwell v. Smith*, 203 N.C. App. 725, 727, 692 S.E.2d 483, 484 (2010) (citations omitted). *See also Hawley v. Hobgood*, 174 N.C. App. 606, 608, 622 S.E.2d 117, 119 (2005) ("Motions for change of venue because the county designated is not proper affect a substantial right and are immediately appealable." (citations omitted)); *Odom v. Clark*, 192 N.C. App. 190, 195, 668 S.E.2d 33, 36 (2008)

("[B]ecause the grant or denial of venue established by statute is deemed a substantial right, it is immediately appealable." (citation omitted)).

## Issue

The dispositive issue on appeal is whether venue is proper in Cumberland County under application of N.C. Gen. Stat. § 1-82 and/or N.C. Gen. Stat. § 1-77.

## Analysis

Defendant filed a Motion for Change of Venue under N.C. Gen. Stat. § 1-83(1), which states:

> If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of the parties, or by order of the court.
>
> The court may change the place of trial in the following cases:
>
> (1) When the county designated for that purpose is not the proper one.

N.C. Gen. Stat. § 1-83(1) (2021).

"Despite the use of the word 'may,' it is well established that 'the trial court has no discretion in ordering a change of venue if demand is properly made and it appears that the action has been brought in the wrong county.'" *Stern v. Cinoman*, 221 N.C. App. 231, 232, 728 S.E.2d 373, 374 (2012) (quoting *Swift & Co. v. Dan-Cleve Corp.*, 26 N.C. App. 494, 495, 216 S.E.2d 464, 465 (1975)). "A determination of venue under N.C. Gen. Stat. § 1-83(1) is, therefore, a question of law that we review *de*

*novo.*" *Id.* (citations omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *Craig ex rel. Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citation and quotation marks omitted).

The parties dispute whether N.C. Gen. Stat. § 1-82 or N.C. Gen. Stat. § 1-77 applies in this case. N.C. Gen. Stat. § 1-82 is the general venue statute which governs in cases where no other specific statutory venue provision applies. That statute provides: "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement[.]" N.C. Gen. Stat. § 1-82 (2021). In contrast, under N.C. Gen. Stat. § 1-77, a case "must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial" where the action is "[a]gainst a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office[.]" N.C. Gen. Stat. § 1-77 (2021). We, however, conclude the trial court did not err regardless of which venue provision applies.

On the one hand, if N.C. Gen. Stat. § 1-82 applies, then venue is clearly proper in Cumberland County because Plaintiff resided in Cumberland County at the commencement of the action. Venue would also be proper in Wake County under this provision because Defendant resided there at the outset of the action. Under N.C. Gen. Stat. § 1-82, so long as any plaintiff or defendant resides in a county at the outset of an action, venue is proper in that county. N.C. Gen. Stat. 1-82 (2021). Here, it is

uncontested that Plaintiff resided in Cumberland County when he filed the Complaint in Cumberland County Superior Court.

Defendant, however, points to two cases in support of her position N.C. Gen. Stat. § 1-77 applies in this case—at least to the extent the action is against Defendant in her official capacity—because the statute does not apply to actions against the State. In *Smith v. State*, our Supreme Court considered a suit brought by the former superintendent of a state-owned hospital against the State and various State officials. 289 N.C. 303, 222 S.E.2d 412 (1976). There, the plaintiff brought suit in Burke County, where he had been dismissed, and the trial court denied the defendants' motion to change venue to Wake County. *Id.* at 333, 222 S.E.2d at 431. On appeal, although the defendants conceded they were public officers, the Court expressly held "G.S. [§] 1-77, however, does not apply to actions against the State. . . This case, therefore, is governed by G.S. [§] 1-82[.]" *Id.* at 334, 222 S.E.2d at 432. As such, contrary to Defendant's contention, the Court in *Smith* actually applied Section 1-82 rather than Section 1-77 in that action against State officials. *Id.*

Defendant also points to *King v. Buck*, 21 N.C. App. 221, 203 S.E.2d 643 (1974)—an action brought against the State Adjutant General in Mecklenburg County—in support of her position. There, this Court held § 1-77 applied and upheld

the transfer of venue to Wake County. *Id.* at 222, 203 S.E.2d at 643.[1] In contrast to this case, the plaintiff there conceded both that the defendant was a public officer and that "this action arises from acts done or to be done by him in Wake County by virtue of his office." *Id.* Plaintiff here makes no such concessions.

Ultimately, however, we need not resolve the question of the applicability of Section 1-77 or 1-82 to this case. Even if the more specific venue statute N.C. Gen. Stat. § 1-77 applies, we conclude venue is still proper in Cumberland County. Under that provision, in an action against a public officer for an act done by her by virtue of her office, the case "must be tried in the county where the cause, *or some part thereof*, arose, subject to the power of the court to change the place of trial[.]" N.C. Gen. Stat. § 1-77 (2021) (emphasis added). "A cause of action may be said to accrue, within the meaning of a statute fixing venue actions, when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." *Morris v. Rockingham Cnty.*, 170 N.C. App. 417, 420, 612 S.E.2d 660, 663 (2005) (quoting *Smith*, 289 N.C. at 333, 222 S.E.2d at 432 (citation omitted)). Acts or omissions giving rise to a cause of action may occur in multiple counties, and venue is proper in any of them. *See Frink v. Batten*, 184 N.C. App. 725, 730, 646 S.E.2d 809, 812 (2007) (noting

---

[1] Additionally, Defendant cites *Orbitz, LLC v. Hoyle*, No. 11 CVS 1857, 2013 NCBC LEXIS 29 (2013). That opinion was a decision of the North Carolina Business Court, which "is a special Superior Court, the decisions of which have no precedential value in North Carolina." *Estate of Browne v. Thompson*, 219 N.C. App. 637, 640, 727 S.E.2d 573, 576 (2012), *disc. review denied*, 366 N.C. 426, 736 S.E.2d 495 (2013).

N.C. Gen. Stat. § 1-77, by its plain language, "acknowledges that those acts and omissions may arise in multiple counties.").

Our Supreme Court considered the application of N.C. Gen. Stat. § 1-77 in *Coats v. Sampson County Memorial Hospital, Inc.*, 264 N.C. 332, 141 S.E.2d 490 (1965). The plaintiff in that case, a resident of Harnett County, brought a claim against the defendant in Harnett County, but upon the defendant's motion, the trial court found venue was proper in Sampson County—the location of the defendant hospital—and transferred the case there. *Id.* at 332-33, 141 S.E.2d at 491. The Court concluded "Sampson County has delegated to defendant its authority to exercise these functions" for which it was responsible by statute. *Id.* at 334, 141 S.E.2d at 492. Therefore, the defendant was an "agency" of Sampson County and, because the cause of action arose in Sampson County, the defendant was entitled to have the case tried there. *Id.* at 334-35, 141 S.E.2d at 492.

Similarly, this Court considered the application of N.C. Gen. Stat. § 1-77 in *Morris*. 170 N.C. App. at 418-21, 612 S.E.2d at 662-64. There, the defendants included Rockingham County, two paramedics, and Rockingham County Emergency Medical Services. *Id.* at 418, 612 S.E.2d at 661-62. The plaintiff filed a negligence suit against the defendants following an injury he sustained when the defendant paramedics transported him from Rockingham County to a hospital in Forsyth County and dropped the stretcher carrying him on the ground. *Id.* The defendants argued venue was only proper in Rockingham County because at the time of the

incident, the paramedics were acting in their official capacity for an agency of Rockingham County, and thus, all parties were citizens or entities residing solely in Rockingham County. *Id.* at 418-19, 612 S.E.2d at 662. The Court rejected this argument and concluded venue was proper in Forsyth County, where the injury had occurred. *Id.* at 420-21, 612 S.E.2d at 663-64. In finding venue was proper in Forsyth County, the Court noted defendants were fulfilling a statutory duty and stated: "[t]he paramedics, as *officers* of Rockingham County, were carrying out *official duties*, and were *acting on behalf of Rockingham County*. The paramedics' official duties brought them to Forsyth County, and their acts or omissions gave rise to a cause of action in Forsyth County." *Id.* at 420, 612 S.E.2d at 663 (emphasis added).

Under our precedent, then, we must consider whether an agent of Defendant, exercising some part of her statutory authority, committed acts or omissions in Cumberland County which gave rise to the present action for the purposes of determining proper venue. Here, based on the pleadings, Defendant's agents went to Cumberland County, met with Plaintiff, and requested documents Plaintiff believed were not subject to disclosure. Plaintiff was served with the subpoena in Cumberland County. Plaintiff's Complaint alleges Defendant "seeks to exceed the authority conferred to the Auditor . . . by the State Auditor attempting to conduct an investigation of the Plaintiff or the Plaintiff's Office . . . ." Further, the Complaint alleges Defendant issued an unlawful subpoena that "appears to require disclosure of privileged or other protected matter, but no exception or waiver applies to the

privilege or protection." Consistent with *Coats* and *Morris*, the actions of Defendant's agents in Cumberland County requesting CCSO records constitute relevant acts or omissions underlying an action against Defendant. Just as in *Morris*, although Defendant's agents were based in Wake County, their official duties caused them to undertake certain actions in Cumberland County. Even if most of the relevant acts occurred in Wake County, under N.C. Gen. Stat. § 1-77(2), so long as "*some part*" of the cause of action arose in Cumberland County, Cumberland County is a proper venue. Cumberland County is, therefore, a proper venue for this case.

Thus, at least some part of the cause of action arose in Cumberland County where Plaintiff is a resident. Therefore, under either N.C. Gen. Stat. § 1-82 or § 1-77, venue is proper in Cumberland County. Consequently, the trial court did not err in denying Defendant's Motion to Dismiss for Improper Venue and Alternative Motion for Change of Venue.

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order denying Defendant's Motion to Dismiss for Improper Venue and Alternative Motion for Change of Venue.

AFFIRMED.

Chief Judge DILLON and Judge ARROWOOD concur.