S. L. MURPHY AND WIFE, MILDRED MURPHY, v. THE CITY OF HIGH POINT, A MUNICIPAL CORPORATION.

(Filed 11 December, 1940.)

**1. Municipal Corporations § 12—**

The powers of a municipality have been greatly enlarged so that, in many respects, it is authorized to act officially outside its corporate limits, and since a municipality may act only through its officers and agents, its officers and agents are empowered to act officially outside its limits in discharging their duties relating to the extraterritorial powers conferred upon the municipality.

**2. Venue § 1c—**

Since a municipality may act only through its officers and agents, an action against a municipality is an action against "a public officer" within the meaning of the provisions of C. S., 464.

**3. Same—**

The proper venue of an action against a municipality is the county where the cause of action, or some part thereof, arose. C. S., 464.

**4. Same—Complaint held to allege tort committed by municipality in county in which action was instituted.**

The complaint alleged damage to plaintiff's land resulting from the negligent operation of defendant municipality's sewage disposal plant. The action was instituted in the county in which the land lies and in which the municipality maintained and operated its sewage disposal plant. The municipality made a motion that the action be removed to the county in which it is located. *Held:* The alleged negligent acts resulting in the injury to the land occurred at the point where defendant municipality maintained its sewage disposal plant and the cause of action there arose, and therefore the municipality's motion for change of venue was erroneously granted. C. S., 463, 464. *Cecil v. High Point,* 165 N. C., 431.

APPEAL by plaintiffs from *Nettles, J.,* at September Term, 1940, of DAVIDSON. Reversed.

Civil action heard on motion for change of venue.

The defendant city, as a part of a sewage disposal system, has acquired land in Davidson County and constructed thereon a sewerage disposal plant. The sewage is piped from the city to the disposal plant and thence to Rich Fork Creek. The defendant likewise collects waste water containing dye from various industrial plants within its corporate limits, conveys the same by pipe to the plant in Davidson County and thence to Rich Fork Creek.

Plaintiffs allege that the defendant, in the operation of its plant in Davidson County, negligently permits raw sewage to be by-passed through said plant into the open stream of Rich Fork Creek; that it negligently fails to properly purify the sewage before dumping it into Rich Fork Creek; and that it discharges into said stream the dye water gathered from industrial plants. They further allege that this causes offensive odors and creates a condition dangerous to the health of those living or working near said stream and has greatly damaged their real property situate upon said stream.

The defendant, before the time for answering expired, moved the court to remove said cause to Guilford County for trial for the reason that the defendant is a municipal corporation located in said county.

The clerk of the Superior Court entered a judgment allowing the motion of the defendant and removing the cause to the Superior Court of Guilford County. The plaintiffs appealed. Upon the hearing of plaintiffs' appeal in the Superior Court judgment was entered affirming the order of the clerk. Plaintiffs excepted and appealed to this Court.

*Don A. Walser and P. V. Critcher for plaintiffs, appellants.*
*G. H. Jones for defendant, appellee.*

BARNHILL, J. Counsel properly concede that the decision of the question presented is made to turn upon the correct interpretation of the opinion in *Cecil v. High Point,* 165 N. C., 431, 81 S. E., 616. The defendant contends that under said decision the proper venue for the trial of this cause is in Guilford County. The plaintiffs contend that under a proper construction of the language used by the Court in that case the proper venue is in Davidson County where plaintiffs' land is situate.

In that decision the apparent conflict in the provisions of C. S., 463 (Rev. 419), and C. S., 464 (formerly Rev. 420), is reconciled, the Court holding that under the facts in that case the proper venue for an action for damages to real property located in Davidson County resulting from the improper operation of a sewerage plant by the defendant municipal corporation in Guilford County was the county of Guilford.

What, then, is the import of the decision in the *Cecil case, supra?* A careful examination thereof discloses that the court came to these conclusions: (1) That as a municipal corporation acts through its officers an action against a municipal corporation is an action against "a public officer" within the meaning of the provisions of C. S., 464; (2) that, ordinarily, public officers act officially within their bailiwick; (3) that when sewage is improperly discharged into a stream causing damage to land adjacent to the stream the wrongful act is committed at the point where the wrong is committed and not where the injurious results finally take effect; (4) that under the terms of C. S., 464, the proper venue of an action against a municipal corporation is "where the cause of action arose"; and (5) that the cause of action is the act of the officers and thus the cause of action arises where the city or its public official commits the wrong which is the basis of the suit.

Having come to these conclusions the court properly held that, as it was alleged by the plaintiffs that sewage was improperly discharged into the stream within the corporate limits of the city, the county in which the city was located was the proper venue notwithstanding the fact that through the flow of the stream the injurious results took effect in another county.

It is to be noted that the primary and controlling language of C. S., 464, as held in the *Cecil case, supra,* is "where the cause, or some part thereof, arose." It was so held in *Steele v. Comrs.,* 70 N. C., 137, where it was said: "Now as an officer's official acts are confined to his county, and as the cause of action is his official act, it follows that the cause of action spoken of 'arose' in the county in which the commissioners acted, and not out of their county, where they did nothing 'by virtue of his office.'" *McFadden v. Maxwell,* 198 N. C., 223, 151 S. E., 250; *Kellis v. Welch,* 201 N. C., 39, 160 S. E., 281; and *Kanipe v. Kendrick,* 204 N. C., 795, 169 S. E., 188, are to like effect.

Since the rendition of the opinion in the *Cecil case, supra,* in 1914 the powers of a municipality have been materially enlarged and extended so that its officers and agents are now authorized, in many respects, to act officially outside its corporate limits. In many instances the official conduct of municipal officers is not necessarily "inherently local" and their official acts are not, in all respects "within their bailiwick." See ch. 136, Public Laws 1917, and ch. 158, Public Laws 1923.

Now two or more municipalities may jointly provide, establish, maintain and conduct a supervised recreation system and acquire property therefor. Ch. 83, sec. 5, Public Laws 1923. To do so requires officers or agents of either one or both municipalities proceeding under this provision to perform certain official acts outside the corporate limits of the municipality of such officers or agents. Likewise, municipal officials

may now: (1) Acquire, lay out, establish and regulate parks outside the corporate limits of the city. C. S., 2787 (12); (2) enact and enforce ordinances relating to the rights of way of all water, sewerage and electric light lines of the city outside the corporate limits and within one mile thereof. C. S., 2790; (3) acquire, manage and control lands used for streets, water, electric lights, power, gas, sewerage or drainage systems or other public utilities, parks, playgrounds, cemeteries, wharves or markets outside the city. C. S., 2791; (4) manage and control parks and squares without the city limits. C. S., 2793; (5) acquire, establish and maintain a hospital, or hospitals, pest houses, slaughter houses, rendering plants, incinerators and crematories outside but within three miles of the corporate limits. C. S., 2796; (6) own and maintain its own light and waterworks system to furnish water, etc., to the city and its citizens and to any persons desiring the same outside the corporate limits of the city. C. S., 2807; and particularly, (7) acquire, provide, construct, establish, maintain and operate a system of sewerage for the city, and if it shall be necessary in obtaining proper outlets to such systems, to extend the same beyond the corporate limits and to condemn a right of way, or rights of way, to and for such outlets. C. S., 2805.

When a municipality undertakes to exercise the authority thus vested in it, it is essential that its officers and agents perform official acts in respect thereto outside the corporate limits of the city. No other conclusion is logical. When public utilities are constructed and maintained outside the corporate limits of a city such plant must be operated and controlled. The agents and officials of the city who operate these utilities are acting for and in behalf of the city. Their acts are the acts of the municipality. When their conduct in respect thereto gives rise to a cause of action the cause of action arises where the act is committed. This conclusion is in full accord with, and is supported by, the opinion in *Cecil v. High Point, supra.*

The defendant, acting under the statutory provisions heretofore cited, established a sewage disposal plant in Davidson County. In connection therewith it acquired a right of way for and constructed and operated outlets to such system. No wrong was committed and no injury resulted from the discharge of sewage and dye water into the pipe lines leading to the disposal plant located in Davidson County. The wrong, if committed at all, was committed when the agents of the defendant permitted raw sewage to be by-passed through the disposal plant and discharged, together with improperly treated sewage and dye water, into Rich Fork Creek. These alleged negligent and wrongful acts were committed by the city through its officers and employees within Davidson County. Thus the cause of action, if any, "arose" in that county.

A city may not extend its public utilities beyond its corporate limits and maintain plants in a county other than the one in which it is located without incurring the attendant liabilities. If defendant has committed a wrong in Davidson County which results in the taking, in whole or in part, of the land of plaintiffs, it may not now retreat to its own county and require plaintiffs to pursue it there for re-dress.

Under C. S., 463, and C. S., 464, as construed and applied in the *Cecil case, supra,* Davidson County is the proper venue for the trial of this action.

The judgment below is

Reversed.