CHARLES MORRIS, Plaintiff-Appellee v. ROCKINGHAM COUNTY, ROCKINGHAM COUNTY EMERGENCY MEDICAL SERVICES, a division of Rockingham County, JOHN CARTER, individually and in his official capacity as an emergency medical technician for Rockingham County Emergency Medical Services, a division of Rockingham County, JOHN MURPHY, individually and in his official capacity as an emergency medical technician for Rockingham County Emergency Medical Services, a division of Rockingham County, Defendants-Appellants

No. COA04-548

(Filed 17 May 2005)

**1. Appeal and Error— appealability—denial of change of venue**

The denial of a motion to transfer venue is immediately appealable because it affects a substantial right.

**2. Venue— action against paramedics—actions at hospital in another county**

A motion for change of venue to Rockingham County from Forsyth County was correctly denied in an action which arose when plaintiff's stretcher fell several feet to the ground while Rockingham County paramedics were unloading him at Baptist Hospital in Forsyth County. Although defendants argued that the action was local in nature because it was against a county and its public officers in the performance of an official duty, the acts and omissions constituting the basis of the action occurred in Forsyth County.

Appeal by defendants from order entered 29 January 2004 by Judge William Z. Wood, Jr. in Superior Court, Forsyth County. Heard in the Court of Appeals 11 January 2005.

*Frazier & Frazier, L.L.P., by Torin L. Fury, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by James R. Morgan, Jr. and Andrew L. Fitzgerald, for defendants-appellants.*

McGEE, Judge.

John Carter and John Murphy, paramedics for Rockingham County Emergency Medical Services, transported Charles Morris (plaintiff) by ambulance from Eden Morehead Hospital in

Rockingham County to North Carolina Baptist Hospital (Baptist Hospital) in Forsyth County. At Baptist Hospital, while the paramedics were removing the stretcher carrying plaintiff, the head of the stretcher bounced off a stair of the ambulance and hit the ground.

Plaintiff filed an action for negligence and medical malpractice in Forsyth County. Plaintiff named as defendants the two paramedics, Rockingham County, and Rockingham County Emergency Medical Services (collectively defendants). Specifically, plaintiff alleged that he suffered multiple cervical disc ruptures and required surgery as a result of the stretcher being dropped by defendant paramedics. Defendants filed a motion for change of venue to Rockingham County. In an order entered 29 January 2004, the trial court denied the motion. Defendants appeal.

[1] Although defendants' appeal is interlocutory, we have previously held that "a denial of a motion to transfer venue affects a substantial right." *Hyde v. Anderson*, 158 N.C. App. 307, 309, 580 S.E.2d 424, 425 (citing *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 121-22, 535 S.E.2d 397, 401 (2000)), *disc. review denied*, 357 N.C. 459, 585 S.E.2d 759 (2003). The trial court's order is immediately appealable and properly before us.

[2] An action "[a]gainst a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer[,]" must be filed "in the county where the cause, or some part thereof, arose[.]" N.C. Gen. Stat. § 1-77 (2003). In considering such actions, the following two questions must be addressed: "(1) Is defendant a 'public officer or person especially appointed to execute his duties'? [and] (2) In what county did the cause of action in suit arise?" *Coats v. Hospital*, 264 N.C. 332, 333, 141 S.E.2d 490, 491 (1965). In the present case, plaintiff and defendants only dispute in which county the cause of action arose, and accordingly, in which county venue is proper.

Defendants argue that the proper venue in this case is Rockingham County. Defendants assert that because the action is against a county and its public officers for the performance of an official duty, the action is local in nature, and the proper venue is the county in which the public officials perform their official duties. *See Powell v. Housing Authority*, 251 N.C. 812, 816, 112 S.E.2d 386, 389 (1960) ("[A]ll public officers, when sued about their official acts, should be sued in the county where they transact their official busi-

ness."). Defendants emphasize that the purpose underlying N.C.G.S. § 1-77 "is to avoid requiring public officers to 'forsake their civic duties and attend the courts of a distant forum.' " *Wells v. Cumberland Cty. Hosp. Sys., Inc.*, 150 N.C. App. 584, 587, 564 S.E.2d 74, 76 (2002) (quoting *Coats*, 264 N.C. at 333, 141 S.E.2d at 491). Defendants contend the paramedics were acting in their official capacity as emergency medical technicians for Rockingham County Emergency Medical Services, which is a Rockingham County agency. Defendants thus argue that Rockingham County is the only proper venue because all of the parties are citizens or entities residing solely in Rockingham County.

However, in the cases cited by defendants, the cause of action arose and occurred within the county that was being sued. By contrast, in the present case, the cause of action arose not in the county being sued, but in Forsyth County. Our Supreme Court has held that venue is proper outside of the county sued when, as is the case here, the cause of action arose in another county. *Murphy v. High Point*, 218 N.C. 597, 12 S.E.2d 1 (1940).[1] In *Murphy*, landowners in Davidson County sued the City of High Point, a Guilford County municipality that was operating a sewage disposal plant in Davidson County. *Id.* at 598, 12 S.E.2d at 1. The landowners filed their action in Davidson County because the City of High Point was allowing raw sewage to pass into a Davidson County stream. *Id.* Defendants argue that *Murphy* is factually and legally distinguishable from the present case. First, defendants argue that rather than involving a personal injury, as in the present case, *Murphy* involved real property in Davidson County, and the venue was properly in the county where the land affected was situated. Second, defendants argue that in *Murphy*, venue was in Davidson County because the City of High Point had a significant presence in Davidson County, as it was operating the sewage disposal plant there. Whereas, in the present case, defendants argue that Rockingham County does not have any buildings or other significant connection to Forsyth County.

Defendants' arguments, however, are not supported by our Supreme Court's rationale in *Murphy*. The Court noted that an offi-

---

1. In the sixty-five years since *Murphy* was decided, the North Carolina General Assembly has not amended or modified N.C.G.S. § 1-77 to indicate that public officers may not be sued outside of their home county when, while performing their official duties, they commit a tort outside of their home county. *See Hicks v. Clegg's Termite & Pest Control, Inc.*, 132 N.C. App. 383, 385-86, 512 S.E.2d 85, 87 (discussing the legislature's option to amend a statute), *disc. review denied*, 350 N.C. 831, 538 S.E.2d 196 (1999).

cer's acts are no longer confined to the county in which he is an offi-cer and that official conduct of public officers are "not necessarily inherently local." *Murphy*, 218 N.C. at 599, 12 S.E.2d at 2 (internal quotations omitted). The Court further stated:

> When public utilities are constructed and maintained outside the corporate limits of a city such plant must be operated and con-trolled. The agents and officials of the city who operate these util-ities are acting for and in behalf of the city. Their acts are the acts of the municipality. When their conduct in respect thereto gives rise to a cause of action the cause of action arises where the act is committed.

*Id.* at 600, 12 S.E.2d at 3. In the case before us, defendants were fulfilling their duty under N.C. Gen. Stat. § 147-517 (2003) that "[e]ach county shall ensure that emergency medical services are pro-vided to its citizens" by transporting plaintiff to a hospital outside Rockingham County. The paramedics, as officers of Rockingham County, were carrying out official duties, and were acting on behalf of Rockingham County. The paramedics' official duties brought them to Forsyth County, and their acts or omissions gave rise to a cause of action in Forsyth County.

"[A] cause of action may be said to accrue, within the meaning of a statute fixing venue of actions, when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested." *Smith v. State*, 289 N.C. 303, 333, 222 S.E.2d 412, 432 (1976) (quoting 77 Am. Jur. 2d Venue § 37 (1975)). In a negligence action, the right to sue is vested when a person fails "to exercise that degree of care which a reasonable and prudent [person] would exercise under simi-lar conditions and which proximately causes injury or damage to another." *Williams v. Trust Co.*, 292 N.C. 416, 422, 233 S.E.2d 589, 593 (1977). In the present case, any negligence on the part of defendants was not actionable until plaintiff was injured. Plaintiff alleges that he was injured when the paramedics failed to properly remove the stretcher, allowing "the head of the stretcher containing [plaintiff] to bounce off the center step of the ambulance and slam to the ground some three to four feet below." Thus, the injury occurred and the cause of action arose in Forsyth County.

Moreover, " '[a] broad, general rule . . . is that the cause of action arises in the county where the acts or omissions constituting the basis of the action occurred.' " *Coats*, 264 N.C. at 334, 141 S.E.2d at 492 (quoting Annot., Venue of actions or proceedings against public

**MORRIS v. ROCKINGHAM CTY.**

[170 N.C. App. 417 (2005)]

officers, 48 A.L.R. 2d 423, 432). Defendants argue that Rockingham County is the proper venue because plaintiff's complaint demonstrates that most of the acts or omissions of alleged negligence occurred in Rockingham County. We disagree with defendants' reading of the complaint. Plaintiff makes five specific allegations concerning how defendants breached their duty of care to plaintiff. Only one of these allegations involves acts or omissions that occurred in Rockingham County, that defendants failed to inspect and maintain the ambulance. The other alleged acts and omissions, which form the basis of plaintiff's negligence claim, occurred in Forsyth County. Plaintiff asserted in his complaint that defendants breached their duty of care when they:

> a. failed to exercise ordinary care in the removal of a stretcher from an ambulance;
>
> b. failed to release the handle at the foot of the stretcher or otherwise failed to lock the undercarriage in a down position thereby allowing the stretcher to safely position outside of the ambulance;
>
> . . . .
>
> d. failed to otherwise properly secure the stretcher in a position so that it would not fall from the ambulance;
>
> e. failed to secure in an upright position the center step so that the stretcher would clear the step on removal[.]

The cause of action arose in Forsyth County because "the acts [and] omissions constituting the basis of the action occurred" in Forsyth County. *See Coats*, 264 N.C. at 334, 141 S.E.2d at 492.

For the foregoing reasons, we affirm the trial court's denial of defendants' motion for change of venue.

Affirmed.

Judges WYNN and TYSON concur.