ELROY FRINK, Administrator of the Estate of DEWAYNE DEVON FRINK; and THE STATE OF NORTH CAROLINA, ex rel. ELROY FRINK, Administrator of the Estate of DEWAYNE DEVON FRINK, Plaintiffs v. CHRIS BATTEN, individually and in his official capacity as Sheriff for Columbus County; COLUMBUS COUNTY, North Carolina, a Body Politic; KENNETH SEALEY, in his official capacity as Sheriff for Robeson County; ROBESON COUNTY, North Carolina, a Body Politic; ALEXANDER SINGLETARY, individually and in his official capacity as Columbus County Jail Administrator; TERRY HARRIS, individually and in his official capacity as Chief Jailer, Robeson County Detention Center; TAMMY BRITT, individually and in her official capacity as Medical Officer for Robeson County Detention Center, Jail Health Services; CONNIE HALL, individually and in her official capacity as Nurse, Robeson County Detention Center, Jail Health Services; BILLY JOE FARMER, in his official capacity as County Administrator of Columbus County; and WESTERN SURETY COMPANY, Surety for Sheriff Chris Batten and Surety for Sheriff Kenneth Sealey, Defendants

No. COA06-633

(Filed 17 July 2007)

**Venue— suicidal inmate held in two counties—venue where action arose in part**

The trial court appropriately found venue to be proper in Robeson County in a wrongful death action against Robeson and Columbus Counties and county officials where an inmate who had been held in both counties committed suicide in the Columbus County jail. Under N.C.G.S. § 1-77(2), actions against a public

FRINK v. BATTEN

[184 N.C. App. 725 (2007)]

officer must be tried in the county where the cause, or some part thereof, arose. Here, one set of defendants will be required to litigate the case outside their home county, but the cause of action arose at least in part in Robeson County and venue was proper in that county.

Appeal by defendants from order entered 7 March 2006 by Judge Jack A. Thompson in Robeson County Superior Court. Heard in the Court of Appeals 7 February 2007.

*Becton, Slifkin & Bell, by Charles L. Becton and Judith M. Pope; and Thigpen, Blue, Stephens & Fellers, by Daniel T. Blue, for plaintiffs-appellees.*

*Womble Carlyle Sandridge & Rice, PLLC, by Mark A. Davis, for defendants-appellants Chris Batten, Columbus County, Alexander Singletary, and Billy Joe Farmer.*

*Sumrell, Sugg, Carmichael, Hicks & Hart, P.A., by Scott C. Hart, for defendants-appellees Kenneth Sealey, Robeson County, Terry Harris, Tammy Britt, and Connie Hall.*

GEER, Judge.

Defendants Columbus County, Chris Batten (the Columbus County Sheriff), Alexander Singletary (the Columbus County Jail Administrator), and Billy Joe Farmer (the Columbus County Administrator) (collectively, the "Columbus County defendants") appeal the denial of their motion to transfer venue. This action arises out of the suicide of Dewayne Devon Frink, which plaintiffs allege was the result of acts and omissions of the Columbus County defendants and the defendants employed by Robeson County (collectively, the "Robeson County defendants").

Under N.C. Gen. Stat. § 1-77 (2005), actions against public officers "must be tried in the county where the cause, *or some part thereof,* arose . . . ." (Emphasis added.) Significantly, in this case, the defendants come from two counties. As a result, one of the sets of defendants will be required to litigate the case outside their home county. While plaintiffs could have filed suit in Columbus County, we agree with the trial court that plaintiffs' causes of action arose at least in part in Robeson County and venue is, therefore, proper in that county. Accordingly, we affirm the denial of the Columbus County defendants' motion to transfer venue to Columbus County Superior Court.

## Background

Plaintiffs brought this action in Robeson County Superior Court to recover for the alleged wrongful death of Dewayne Devon Frink. The named defendants include Robeson County, Columbus County, and various public officials and employees of the respective counties. In the complaint, plaintiffs allege that the following events took place.

On 21 April 2003, Frink, the decedent, was taken into custody at the Columbus County jail and, shortly afterwards, was transferred to the Robeson County Detention Center pursuant to an agreement between the two counties. In approximately June 2003, while housed at the Robeson County facility, Frink began complaining that his "mind [was] just not right." Over the course of several weeks, Frink made apparent attempts to commit suicide by trying to hang himself. Plaintiffs allege that in early July 2003, officials at the Robeson County facility contacted the Columbus County jail, explained to their Columbus County counterparts that Frink was suicidal, and indicated that they wished to return Frink to Columbus County's custody.

On 7 July 2003, Frink was transported back to the Columbus County jail by a Columbus County official without his medical records also being transferred. Upon his arrival at the jail, he was placed within the general inmate population, which, at that time, exceeded the jail's capacity by 40 inmates. Frink hung himself and died in the early morning hours of 9 July 2003.

The Columbus County defendants filed a motion to transfer venue to Columbus County Superior Court or, in the alternative, to sever plaintiffs' claims. In a written order, Judge Jack A. Thompson denied the motion, concluding that severance of the action was not warranted and that "Robeson County is a proper venue for the claims asserted against all defendants in this action, pursuant to N.C.G.S. §§ 1-77(2) and 1-83 . . . ." The Columbus County defendants have appealed the denial of their motion to change venue.

## Discussion

Since the Columbus County defendants argue only that the motion to transfer venue was wrongly denied and present no argument regarding their alternative motion to sever plaintiffs' claims, the sole matter before us is the question of venue. Although the order denying the motion to change venue is an interlocutory order, defend-

ants are entitled to immediate appellate review because "a denial of a motion to transfer venue affects a substantial right." *Hyde v. Anderson*, 158 N.C. App. 307, 309, 580 S.E.2d 424, 425, *disc. review denied*, 357 N.C. 459, 585 S.E.2d 759 (2003).

On appeal, the Columbus County defendants assert a right to remove the trial to Columbus County under N.C. Gen. Stat. § 1-77(2):

> Actions for the following causes *must be tried in the county where the cause, or some part thereof, arose*, subject to the power of the court to change the place of trial, in the cases provided by law:
>
> . . . .
>
> (2) Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer.

(Emphasis added.) Where, as here, a "defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county," N.C. Gen. Stat. § 1-83 (2005), "the court is given the authority to change the place of trial if 'the county designated for that purpose is not the proper one.' " *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 122, 535 S.E.2d 397, 401 (2000) (quoting N.C. Gen. Stat. § 1-83(1)).

The Columbus County defendants argue that plaintiffs' causes of action arose solely in Columbus County because the only tangible injury in this case—namely, Frink's death—occurred in Columbus County. Not surprisingly, the Robeson County defendants object to having "the entirety of this case . . . moved to Columbus County." They contend that "actionable conduct took place in two specific locations at two specific times i.e., Plaintiff claims the Robeson County Defendants acted wrongfully while Plaintiff's decedent was an inmate in the Robeson County Jail, and that the Columbus County Defendants acted wrongfully while he was an inmate in the Columbus County Jail." Because "all of the actions alleged against [the Robeson County defendants] by Plaintiff[s] took place in the course of their official duties in Robeson County," they argue that venue is proper in Robeson County.

The Columbus County defendants' argument rests solely on their contention that an action arises, for purposes of venue, where the injury occurred. Our courts have, however, long recognized, in apply-

ing § 1-77, a general rule that " 'the cause of action arises in the county where the *acts or omissions* constituting the basis of the action occurred.' " *Wells v. Cumberland County Hosp. Sys., Inc.*, 150 N.C. App. 584, 589, 564 S.E.2d 74, 77 (2002) (emphasis added) (quoting *Coats v. Sampson County Mem'l Hosp., Inc.*, 264 N.C. 332, 334, 141 S.E.2d 490, 492 (1965)).

The Columbus County defendants' contention was specifically rejected in *Cecil v. City of High Point*, 165 N.C. 431, 433, 81 S.E. 616, 617 (1914), in which our Supreme Court construed a predecessor version of N.C. Gen. Stat. § 1-77 that included the same phrase at issue here: "where the cause of action or *some part thereof* arose." The plaintiff in *Cecil* was a Davidson County landowner who brought suit in Davidson County against the City of High Point, a Guilford County municipality, for the city's sewage discharges in Guilford County that ultimately injured the plaintiff's lands downstream in Davidson County. In holding that Guilford County was the proper venue because that county was where the city's harmful conduct took place, the Court recognized "that where the cause of an alleged grievance is situate or exists in one State or county and the injurious results take effect in another, the courts of the former have jurisdiction." *Id. See also Murphy v. City of High Point*, 218 N.C. 597, 600, 12 S.E.2d 1, 3 (1940) (where the "alleged negligent and wrongful acts" of the Guilford County-based municipality "were committed by the city through its officers and employees within Davidson County[,] . . . the cause of action, if any, 'arose' in [Davidson] [C]ounty"); *Wells*, 150 N.C. App. at 589, 564 S.E.2d at 78 (where "plaintiff alleged no acts or omissions in other locations" except Cumberland County, transfer of venue to Cumberland County was proper).

The Columbus County defendants cite only *Morris v. Rockingham County*, 170 N.C. App. 417, 612 S.E.2d 660 (2005), in support of their position. *Morris* involved a plaintiff who had sued Rockingham County and two emergency medical technicians ("EMTs") in Forsyth County for injuries suffered when the Rockingham County EMTs negligently unloaded the plaintiff from an ambulance at a Forsyth County hospital. Consistent with the long-standing rule, this Court stressed: "The paramedics' official duties brought them to Forsyth County, and their acts or omissions gave rise to a cause of action in Forsyth County." *Id.* at 420, 612 S.E.2d at 663.

The Columbus County defendants, however, seize on the Court's further observation in *Morris* that any negligence was not actionable

until plaintiff was injured, and the plaintiff's "injury occurred and the cause of action arose in Forsyth County." *Id.* We do not believe that the *Morris* panel intended to alter the "general rule" set forth in *Wells* especially since the Court stated: "Moreover, '[a] broad, general rule . . . is that the cause of action arises in the county where the acts or omissions constituting the basis of the action occurred.' " *Id.* (quoting *Coats*, 264 N.C. at 334, 141 S.E.2d at 492). Indeed, the actual holding of the Court was: "The cause of action arose in Forsyth County because 'the acts [and] omissions constituting the basis of the action occurred' in Forsyth County." *Id.* at 421, 612 S.E.2d at 664 (alteration in original) (quoting *Coats*, 264 N.C. at 334, 141 S.E.2d at 492).[1]

In accordance with the longstanding general rule, the pertinent question under N.C. Gen. Stat. § 1-77 is the geographical location of the acts and omissions giving rise to plaintiffs' cause of action. Moreover, § 1-77, by providing that venue exists "where the cause, or some part thereof, arose," acknowledges that those acts and omissions may arise in multiple counties.

Here, the Columbus County defendants do not seriously dispute that plaintiffs have alleged acts and omissions by the Robeson County defendants that occurred in Robeson County. Although the Columbus County defendants contend that the trial court made inadequate findings of fact, we believe that the court's finding that acts of negligence began while Mr. Frink was incarcerated in Robeson County is sufficient to support its ultimate determination that venue existed in Robeson County under N.C. Gen. Stat. § 1-77(2).[2]

---

1. Although *Morris* could not overrule Supreme Court or prior Court of Appeals precedent, there is no reason, given this holding, to presume that the opinion attempted to do so. In *Morris*, the "injury" occurred simultaneously with the negligent "acts and omissions" that gave rise to the cause of action. The Court noted that the plaintiff "was injured when the paramedics failed to properly remove the stretcher, allowing 'the head of the stretcher containing [plaintiff] to bounce off the center step of the ambulance and slam to the ground some three to four feet below.' " 170 N.C. App. at 420, 612 S.E.2d at 663. The language relied upon by the Columbus County defendants then followed immediately thereafter: "Thus, the injury occurred and the cause of action arose in Forsyth County." *Id.*

2. The Columbus County defendants also challenge the trial court's determination that the two sets of County defendants are "joint tortfeasors and, as such, are jointly and severally liable." Because this finding of fact is not necessary to a determination of where the action arose, it is immaterial to our consideration whether the trial court erred in denying the motion to transfer venue. The Columbus County defendants' remaining challenges to the findings of fact hinge on their erroneous contention that the place of injury determines where a cause of action arose for venue purposes and, therefore, are resolved by our discussion above.

In short, even though the complaint also alleges acts and omissions that occurred in Columbus County, since "some part" of plaintiffs' cause of action arose in Robeson County, the trial court appropriately found venue to be proper in Robeson County. We, therefore, affirm the order denying the motion to change venue.

Affirmed.

Judges TYSON and ELMORE concur.