TOWN OF MAIDEN, a North Carolina Municipal Corporation Plaintiff v. LINCOLN COUNTY, Defendant

No. COA08-1518

(Filed 4 August 2009)

**1. Appeal and Error— appealability—interlocutory order— denial of motion to transfer venue—substantial right**

The denial of a motion to transfer venue affects a substantial right, and Lincoln County was entitled to immediate appellate review.

**2. Venue— motion to change—local government agreements concerning sewer line—location of cause of action**

The trial court erred by denying Lincoln County's motion for a change of venue to Lincoln County from Catawba County for claims involving a sewer line agreement between Lincoln County and the Town of Maiden, signed in Catawba County, where the cause of action arose in Lincoln County when Lincoln County and the City of Lincolnton entered an agreement involving the sewer line.

Appeal by Defendant from order entered 5 August 2008 by Judge Nathaniel J. Poovey in Superior Court, Catawba County. Heard in the Court of Appeals 9 June 2009.

*Crowe & Davis, P.A., by H. Kent Crowe, for plaintiff-appellee.*

*Pendleton, Pendleton & Deaton, P.A., by Jeffrey A. Taylor, for defendant-appellant.*

WYNN, Judge.

N.C. Gen. Stat. § 1-77(2) (2007) provides that actions against a public officer "must be tried in the county where the cause, or some part thereof, arose[.]" Here, Lincoln County appeals from an order denying its motion for change of venue, arguing the claims alleged by the Town of Maiden in its complaint against the county arose, if at all, in Lincoln County. Because we find that the causes of actions alleged by the Town of Maiden arose in Lincoln County, we reverse the order denying Defendant's motion for change of venue from Catawba to Lincoln County.

On 18 September 1995, the Town of Maiden, located in Catawba County, and Lincoln County entered into an agreement "to extend a sanitary sewer line from the Town of Maiden's existing sewer line to the Larkard Creek Drainage Basin to provide sanitary sewer service" for Lincoln County Industrial Park, located in Lincoln County. Further, the agreement stated that:

2. The Town of Maiden does hereby agree to construct and maintain a pumping station and forced main sewer line to furnish sewer service to owners and customers in the Lincoln County Industrial Park, being an approximately three hundred (300) acre tract located near Larkard Creek. The Town of Maiden will charge the customers receiving said sewer at its outside sewer rates, and the Town of Maiden shall read meters to determine the amount to be charged to each customer.

. . .

7. It is agreed that the Town of Maiden shall be advised of the type of any and all industry to be located within the Lincoln County Industrial Park as soon as the same is known to Lincoln County. The Town of Maiden shall approve any and every tap to be made onto its said sewer line.

On 4 December 2007, the Town of Maiden filed a complaint in Catawba County against Lincoln County and the City of Lincolnton, asserting breach of contract, tortious interference, and "public purpose" claims, and seeking a permanent injunction to enjoin Lincoln

County and the City of Lincolnton "from taking any action to provide sanitary sewer service/wastewater treatment" to Lincoln County Industrial Park. Both Lincoln County and the City of Lincolnton filed motions for change of venue from Catawba County to Lincoln County on 4 January 2008 and 9 January 2008 respectively. In ruling on the change of venue motions, the trial court entered two separate orders: (1) a 7 May 2008 order granting the City of Lincolnton's motion and stating that "all claims asserted against the CITY OF LINCOLNTON must be tried in Lincoln County, as a matter of right"; and (2) a 21 April 2008 order, orally denying Lincoln County's motion, concluding "[t]hat Catawba County is the proper venue for this matter involving Town of Maiden and Lincoln County." In addition to the oral order, the trial court issued a written order denying Lincoln County's motion on 5 August 2008.

Lincoln County appeals, arguing that the trial court erred in denying its motion for change of venue because all four causes of action alleged by the Town of Maiden arose solely in Lincoln County, and pursuant to section 1-77(2), these actions must be tried in the county where the causes of the action arose.

---

[1] Preliminarily, we note the Town of Maiden argues that this appeal is premature because the order on appeal is interlocutory. Although an order denying a defendant's motion to change venue is interlocutory, "a denial of a motion to transfer venue affects a substantial right." *Hyde v. Anderson*, 158 N.C. App. 307, 309, 580 S.E.2d 424, 425, *disc. review denied*, 357 N.C. 459, 585 S.E.2d 759 (2003). Accordingly, Lincoln County is entitled to immediate appellate review. *Frink v. Batten*, 184 N.C. App. 725, 727-28, 646 S.E.2d 809, 811 (2007).

[2] N.C. Gen. Stat. § 1-77(2) provides that actions "[a]gainst a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer" "must be tried in the county where the cause, or some part thereof, arose" (emphasis added).[1] " '[A] cause of action may be said to accrue, within the meaning of a statute fixing venue of actions, when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested.' " *Morris v. Rockingham Cty.*, 170 N.C. App. 417, 420, 612 S.E.2d 660, 663 (2005) (quoting *Smith v. State*, 289 N.C. 303, 333, 222 S.E.2d 412, 432 (1976)). Thus, the issue be-

---

1. Neither party disputes that section 1-77(2) is applicable to the present case.

fore this Court is where "the acts and omissions giving rise to the []
cause[s] of action" occurred. *Frink*, 184 N.C. App. at 730, 646 S.E.2d
at 812.

"When reviewing a decision on a motion to transfer venue, the
reviewing court must look to the allegations of the plaintiff's com-
plaint." *Ford v. Paddock*, 196 N.C. App. 674 S.E.2d 689, 691 (2009)
(citations omitted). Here, neither the Town of Maiden's 4 December
2007 complaint nor the affidavits offered to the trial court specifically
allege where the breach of contract, tortious interference, or "public
purpose" actions occurred or will occur. However, the Town of
Maiden makes the following allegations regarding its claim for breach
of contract:

19. That pursuant to said Permit granted to Defendant Lincoln
County to provide sewer/wastewater treatment to the Lincoln
County Industrial Park, Defendant Lincoln County has been
obtaining right-of-ways, and begun work and construction on
sewer lines to provide said sewer/wastewater treatment to the
Lincoln County Industrial Park.

20. Attached hereto as Exhibit "B,", and incorporated herein is
an Agreement between Defendants, Lincoln County, and the City
of Lincolnton. Said Agreement provides, among other things, for
Lincoln County to construct lines and infrastructure for waste-
water from the Lincoln County Industrial Park to a point with the
existing wastewater system of the City of Lincolnton. Said
Agreement further provides for the City of Lincolnton to treat
wastewater from the Lincoln County Industrial Park.

21. By entering into Exhibit "B", and by constructing lines for
sewer service to the Lincoln County Industrial Park, the
Defendants, Lincoln County and the City of Lincolnton, County
Industrial Park, have breached the Contract and Agreement by
and between the Plaintiff and the Defendant, Lincoln County.

The Town of Maiden's complaint also contains the following alle-
gations regarding tortious interference and "public purpose":

24. That the Plaintiff has valid contracts and agreements by and
with the present ten (10) customers within the Lincoln County
Industrial Park for the Plaintiff to provide sanitary sewer serv-
ice. . . . The Plaintiff also has the right to provide wastewater
treatment service to future customers within the Lincoln County

Industrial Park under the 1995 Contract and Agreement, Exhibit "A," herein.

. . .

29. That the Defendants have, or will, interfere with the Plaintiff's Contract and Agreement to provide sanitary sewer service to customers within the Lincoln County Industrial Park, when Defendant Lincoln County provides said sewer service/wastewater treatment to said customers.

. . .

31. That it would not be in the best interests of the public, and specifically, the citizens of all parties, for a new pump station to be erected, and new sewer lines to be run to provide sanitary sewer service/wastewater treatment to the Lincoln County Industrial Park.

32. That in constructing new infrastructure and running new sewer lines to the Lincoln County Industrial Park, the Defendants would be duplicating sanitary sewer services already provided to the present and future customers of the Lincoln County Industrial Park.

33. That in duplicating said sanitary sewer service/wastewater treatment, by constructing a pump station and necessary infrastructure, and in constructing and maintaining additional duplicate sanitary sewer lines, the same would not be sound environmental policy, and would also be a duplication of tax payer's and the public's expense.

Based on the allegations in the Town of Maiden's complaint, the breach of contract action arose when Lincoln County and the City of Lincolnton entered into an agreement "to construct lines and infrastructure for wastewater from the Lincoln County Industrial Park to a point with the existing wastewater system of the City of Lincolnton" and when Lincoln County began "constructing lines for sewer service to the Lincoln County Industrial Park[.]" The actions allegedly constituting tortious interference by Lincoln County have, or will occur, "when Defendant Lincoln County provides said sewer service/wastewater treatment" to the Lincoln County Industrial Park. Finally, the duplication of sewer and wastewater treatment services or expenses to Lincoln County giving rise to the "public purpose" allegation must have occurred within Lincoln County. All of the actions alleged

against Lincoln County arose either in the City of Lincolnton, the Lincoln County Industrial Park, or Lincoln County itself, all of which are within the geographical location of Lincoln County.

While the Town of Maiden argues throughout its brief that the "action" arose in Catawba County, this argument is without merit. Although the contract and agreement between the Town of Maiden and Lincoln County arguably was negotiated and signed in Catawba County, the creation of the agreement between these parties is not the "action" to which section 1-77(2) refers. Rather, in the present case, the determinative issue is where the causes of action—breach of contract, tortious interference, and "public purpose"—arose. *See Pitts Fire Safety Service, Inc. v. City of Greensboro,* 42 N.C. App. 79, 255 S.E.2d 615 (1979) (where a defendant in Guilford County reached out to and entered into an oral contract with plaintiff in Catawba County, venue was proper under §1-77 in Guilford County because defendant's failure to pay was the basis of the cause of action and that action occurred in Guilford County).

Because all of the alleged causes of action against Lincoln County occurred in Lincoln County and section 1-77(2) requires that these actions be tried in the county "where the cause of action, or some part thereof, arose," we find that the trial court erred in denying Lincoln County's motion for change of venue. Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

Judges STROUD and BEASLEY concur.