BRYANT, Judge.
 

 *483
 
 Where the only cause of action is against defendant-appellants who were not voluntarily dismissed from the case and that cause of action is based solely on allegations of what occurred in Lenoir County, venue is improper in Edgecombe County, and we reverse the order of the trial court.
 

 Jaekwon Williams, a minor, by and through his Guardian Ad Litem David Jones, Darrius Williams, and Jasmine Williams ("plaintiffs"), filed a complaint on 17 March 2015 in Edgecombe County Superior Court asserting a negligence claim against Woodmen Foundation, d/b/a Lions Water Adventure Park; City of Rocky Mount, d/b/a City of Rocky Mount Parks & Recreation Department, d/b/a Quest Summer Day Camp; County of Lenoir and City of Kinston, d/b/a City of Kinston/Lenoir County Parks & Recreation Department; five lifeguards from Lions Water Adventure Park; and five day camp employees from Quest Summer Day Camp (collectively, "defendants"). Plaintiffs also asserted a negligence per se claim against defendants Woodmen, County of Lenoir, and City of Kinston, after alleging that Jaekwon suffered a "non-fatal drowning" on 11 August 2014. Plaintiffs filed an Amended Complaint (also in Edgecombe County) on 20 March 2015, asserting the same claims.
 

 Plaintiffs' relevant factual allegations in the amended complaint are as follows:
 

 *879
 

 *484
 
 25. That on August 11, 2014, Jaekwon Williams was attending Quest Summer Day Camp, which was operated by Defendant Rocky Mount, d/b/a Rocky Mount Parks & Rec.
 

 26. That on August 11, 2014, Jaekwon Williams traveled with the Quest Summer Day Camp to Lions Water Adventure Park, a water park owned by Defendant Woodmen and operated jointly by Defendants Woodmen, County of Lenoir and City of Kinston, both d/b/a Kinston/Lenoir Parks and Rec.
 

 27. That while at Lions Water Adventure Park, Jaekwon Williams, who, pursuant to N.C.G.S. § 8-46, has a future life expectancy of at least 67.6 years, entered the water of the lap pool owned by Defendant Woodmen and operated jointly by Defendants Woodmen, County of Lenoir and City of Kinston, both d/b/a Kinston/Lenoir Parks and Rec.
 

 28. That Defendants were informed and/or should have known that Jaekwon Williams was not able to swim, and should have used ordinary care in assuring his safety.
 

 29. That due to the negligence, carelessness, recklessness and/or wanton conduct with reckless indifference of all Defendants, Jaekwon Williams was found at the bottom of the lap pool of Lions Water Adventure Park with no pulse or respirations, and suffered severe and permanent physical and mental injuries as a result of said non-fatal drowning.
 

 In May and June of 2015, defendants filed their respective answers, amended answers, and motions to dismiss. Defendant County of Lenoir and defendants City of Kinston, Caroline Banks, Stephen Corbett Hall, Jordan O'Neal, Jordan Shear, and Harrison Wiggins (collectively "Kinston defendants") also filed motions to change venue from Edgecombe County to Lenoir County. Plaintiffs filed replies to each of defendants' amended answers on 14 July and 22 July 2015.
 

 Prior to the hearing on the motion to change venue, plaintiffs settled their claim against defendants City of Rocky Mount d/b/a City of Rocky Mount Parks & Recreation Department d/b/a Quest Summer Day Camp, Jarron Parker, Tina Moore, Tiara Battle, Justin Atkinson, Michael DeLoatch, Unnamed Quest Summer Day Camp Employees, and Unnamed Rocky Mount Parks & Recreation Department employees (collectively, "Rocky Mount defendants"). However, it was not until 28 January 2016 that plaintiffs filed a voluntary dismissal as to the Rocky Mount defendants.
 

 *485
 
 Meanwhile, on 8 September 2015, the Honorable Milton F. Fitch Jr., Judge presiding, heard the Motions to Change Venue of the Kinston defendants and the County of Lenoir (collectively "defendant-appellants") in Edgecombe County Superior Court. Plaintiffs submitted the affidavits of Jasmine Williams and Charles Wilson, MD, in opposition to the motions to change venue, which both generally stated that it would be in Jaekwon's best medical interests to be transported the shorter distance to the Edgecombe County Courthouse, rather than to the one in Lenoir County, for purposes of this litigation. Plaintiffs' counsel also argued it would be improper for the trial court to make a venue decision at that time, because the issue "[would] not [be] ripe to be heard ... until discovery [had] been complete[d] and until factual determinations ha[d] been made." Counsel for defendant-appellants argued that because the Rocky Mount defendants had been voluntarily dismissed from the action, "there is no way that a cause of action or any part of a cause of action against [defendant-appellants] took place in Edgecombe County[,]" as "[a]ny cause of action against [defendant-appellants] had to have taken place at that pool in Lenoir County."
 

 On 28 September 2015, Judge Fitch entered an order denying appellants' motions to change venue, finding "that the cause or some part thereof arose in Edgecombe County." Defendant-appellants appeal.
 

 On 15 April 2016, defendant-appellants filed a motion to supplement the record on appeal with this Court. Defendant-appellants intended that a filed copy of the voluntary dismissal order dismissing the Rocky Mount defendants from this matter be a file-stamped copy, but did not receive one prior to the record being filed with this Court on
 
 *880
 
 19 February 2016. Defendant-appellants did include a copy of the voluntary dismissal order in the Rule 11(c) Supplement to the Printed Record on Appeal, but it was not a file-stamped version. Defendant-appellants requested that a file-stamped copy of the voluntary dismissal be included as a supplement to the record on appeal pursuant to Rule 9(b)(5) of the North Carolina Rules of Appellate Procedure. For the following reasons, we allow defendant-appellants' motion.
 

 In opposition to defendant-appellants' motion, plaintiffs claimed the filed-stamped copy of the voluntary dismissal-dated 28 January 2016-should not be included in the record on appeal as it was not "submitted for consideration" to the trial court prior to the filing of the trial court's order on 28 September 2015, which denied defendant-appellants' motion to change venue, and which is the order from which defendant-appellants now appeal.
 

 *486
 
 However, even if a file-stamped version of the voluntary dismissal could not have been submitted to the trial court, practically speaking, plaintiffs cannot show that they would be prejudiced were this Court to allow defendant-appellants' motion to include a file-stamped copy in the record. To the contrary, the transcript of the hearing makes plain that the trial court and all parties present at the hearing were aware or became aware that plaintiffs had settled their claims with the Rocky Mount defendants, and certainly, plaintiffs themselves were aware of the settlement. Indeed, counsel for plaintiffs, in response to the question from the court, "Is that true, did Rocky Mount settle the claims?", stated, "Yes, sir, they have, Your Honor. It hadn't been finally approved." Accordingly, where plaintiffs cannot show that any improper prejudice would result, we allow defendant-appellants' motion to supplement the record on appeal.
 

 _________________________
 

 Defendant-appellants' sole argument on appeal is that the trial court erred in denying defendants' motion to change venue, as Edgecombe County is not a proper venue for this action pursuant to
 
 N.C. Gen. Stat. §§ 1-77
 
 (2) and 1-83. Specifically, defendant-appellants argue venue is improper in Edgecombe County because defendant-appellants are "public officers," and each of defendant-appellants' actions or inactions alleged by plaintiffs occurred in Lenoir County. We agree.
 

 Defendant-appellants appeal from an interlocutory order denying their motion to change venue from Edgecombe County to Lenoir County. "[I]mmediate appeal is available from an interlocutory order ... which affects a 'substantial right.' "
 
 Sharpe v. Worland
 
 ,
 
 351 N.C. 159
 
 , 162,
 
 522 S.E.2d 577
 
 , 579 (1999) (citations omitted). This Court has previously held that "a denial of a motion to transfer venue affects a substantial right."
 
 Hyde v. Anderson
 
 ,
 
 158 N.C.App. 307
 
 , 309,
 
 580 S.E.2d 424
 
 , 425 (2003) (citation omitted). Accordingly, "[t]he trial court's order is immediately appealable and properly before [this Court]."
 
 Morris v. Rockingham Cnty.
 
 ,
 
 170 N.C.App. 417
 
 , 418,
 
 612 S.E.2d 660
 
 , 662 (2005).
 

 "A determination of venue under
 
 N.C. Gen. Stat. § 1-83
 
 (1) is ... a question of law that [this Court] review[s]
 
 de novo
 
 ."
 
 TD Bank, N.A. v. Crown Leasing Partners, LLC
 
 ,
 
 224 N.C.App. 649
 
 , 654,
 
 737 S.E.2d 738
 
 , 741-42 (2012) (quoting
 
 Stern v. Cinoman
 
 ,
 
 221 N.C.App. 231
 
 , 232,
 
 728 S.E.2d 373
 
 , 374 (2012) ).
 

 North Carolina General Statutes, section 1-83 provides, in relevant part, as follows:
 

 *487
 
 If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court.
 

 The court may change the place of trial in the following cases:
 

 (1) When the county designated for that purpose is not the proper one.
 

 N.C. Gen. Stat. § 1-83
 
 (2015).
 

 The general rule in North Carolina, as elsewhere, is that where a demand for removal for improper venue is timely and
 
 *881
 
 proper, the trial court has no discretion as to removal. The provision in N.C.G.S. § 1-83 that the court "may change" the place of trial when the county designated is not the proper one has been interpreted to mean "must change."
 

 Miller v. Miller
 
 ,
 
 38 N.C.App. 95
 
 , 97,
 
 247 S.E.2d 278
 
 , 279 (1978) (internal citations omitted). Accordingly, "the trial court has no discretion in ordering a change of venue if it appears that the action has been brought in the wrong county."
 
 Caldwell v. Smith
 
 ,
 
 203 N.C.App. 725
 
 , 729,
 
 692 S.E.2d 483
 
 , 486 (2010) (citation omitted).
 

 The venue statute applicable to a "public officer,"
 
 N.C. Gen. Stat. § 1-77
 
 , provides, in relevant part, as follows:
 

 Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law:
 

 ...
 

 (2) Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer.
 

 *488
 
 N.C.G.S. § 1-77 (2015). "The purpose of section 1-77 is to avoid requiring public officers to 'forsake their civic duties and attend the courts of a distant forum.' "
 
 Wells v. Cumberland Cnty. Hosp. Sys., Inc.
 
 ,
 
 150 N.C.App. 584
 
 , 587,
 
 564 S.E.2d 74
 
 , 76 (2002) (quoting
 
 Coats v. Sampson Cnty. Mem'l Hosp., Inc.
 
 ,
 
 264 N.C. 332
 
 , 333,
 
 141 S.E.2d 490
 
 , 491 (1965) ).
 

 When considering an action against a "public officer," "the following two questions must be addressed: '(1) Is defendant a "public officer or person especially appointed to execute his duties"? [and] (2) In what county did the cause of action in suit arise?' "
 
 Morris
 
 ,
 
 170 N.C.App. at 418
 
 ,
 
 612 S.E.2d at 662
 
 (alteration in original) (quoting
 
 Coats
 
 ,
 
 264 N.C. at 333
 
 ,
 
 141 S.E.2d at
 
 491 ). Regarding the first question, "[a]n action against a municipality is an action against a public officer under
 
 N.C. Gen. Stat. § 1-77
 
 (2) for purposes of venue."
 
 Hyde
 
 ,
 
 158 N.C.App. at 309
 
 ,
 
 580 S.E.2d at 425
 
 (citations omitted). "Proper venue for municipalities is, therefore, usually the county in which the cause of action arose."
 

 Id.
 

 (citation omitted).
 

 Regarding the second question, "a cause of action may be said to accrue, within the meaning of a statute fixing venue of actions, when it comes into existence as an enforceable claim, that is, when the right to sue becomes vested."
 
 Morris
 
 ,
 
 170 N.C.App. at 420
 
 ,
 
 612 S.E.2d at 663
 
 (quoting
 
 Smith v. State
 
 ,
 
 289 N.C. 303
 
 , 333,
 
 222 S.E.2d 412
 
 , 432 (1976) ). In a negligence action, the right to sue is vested when a person fails "to exercise that degree of care which a reasonable and prudent [person] would exercise under similar conditions and which proximately cause injury or damage to another."
 

 Id.
 

 (alteration in original) (quoting
 
 Williams v. Trust Co.
 
 ,
 
 292 N.C. 416
 
 , 422,
 
 233 S.E.2d 589
 
 , 593 (1977) ).
 

 "North Carolina venue is determined at the commencement of the action, as denoted by the filing of the complaint."
 
 Caldwell
 
 ,
 
 203 N.C.App. at 729
 
 ,
 
 692 S.E.2d at 486
 
 (citation omitted). "When reviewing a decision on a motion to transfer venue, the reviewing court must look to the allegations of the plaintiff's complaint."
 
 Town of Maiden v. Lincoln Cnty.
 
 ,
 
 198 N.C.App. 687
 
 , 690,
 
 680 S.E.2d 754
 
 , 756 (2009) (quoting
 
 Ford v. Paddock
 
 ,
 
 196 N.C.App. 133
 
 , 135-36,
 
 674 S.E.2d 689
 
 , 691 (2009) ). In reviewing that complaint, this Court is "not required ... to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."
 
 Strickland v. Hedrick
 
 ,
 
 194 N.C.App. 1
 
 , 20,
 
 669 S.E.2d 61
 
 , 73 (2008) (alteration in original) (citation omitted).
 

 The plain language of
 
 N.C. Gen. Stat. § 1-77
 
 states that actions "[a]gainst a public officer or person especially appointed to execute his duties" "must be tried in the county where the cause, or some part
 
 *489
 
 thereof, arose...." N.C.G.S. § 1-77(2). If a claim is not being made against a non-party or entity, no "cause, or [any] part thereof" can be said to have arisen against them.
 
 See
 
 id.
 

 Indeed, where a party has been dismissed, for purposes of venue, the matter "proceed[s]
 
 *882
 
 as if he had never been a party...."
 
 Mitchell v. Jones
 
 ,
 
 272 N.C. 499
 
 , 502,
 
 158 S.E.2d 706
 
 , 709 (1968). Accordingly, any alleged acts or omissions by a non-party (here, the Rocky Mount defendants) which occurred in Edgecombe County, would not and could not give rise to a cause of action against the remaining defendant-appellants as no right to sue defendant-appellants has become vested by the actions or inactions of the non-party, Rocky Mount defendants.
 
 See
 

 Morris
 
 ,
 
 170 N.C.App. at 420
 
 ,
 
 612 S.E.2d at 663
 
 . The only remaining cause of action in this case is the cause of action against defendant-appellants, which is based solely on what allegedly occurred in Lenoir County.
 

 Plaintiffs do not assert that any of defendant-appellants' alleged acts or omissions took place in Edgecombe County. Rather, plaintiffs' main argument on appeal, and entire argument to the trial court, was that it would be improper to rule on venue before plaintiffs could be permitted to conduct discovery and ascertain whether or not there were any acts or omissions which occurred in Edgecombe County, presumably by the remaining defendant-appellants. Plaintiffs' counsel argued to the trial court, in relevant part, as follows:
 

 Yes, we do need to do continuing discovery with Rocky Mount in order to determine where negligence acts did occur whether they were in Edgecombe County or Nash County.
 

 For all we know they may have occurred in Pitt County or Edgecombe-I mean, in Wayne when the bus was driving them to the swimming pool. We don't know yet because we haven't had that discovery.
 

 ...
 

 We believe that discovery will show that some part of [the negligence] occurred in Edgecombe or in Nash or maybe some other county....
 

 In our pleadings, Your Honor, against Rocky Mount, we allege that there would be an opportunity through discovery to determine what else, what other negligence may have occurred and where it occurred.
 

 We don't know that right now....
 

 *490
 
 We don't know any of those things yet, Your Honor. And we have a right to discover that and then bring these matters before the Court to make an informed decision on venue.
 

 ...
 

 [W]e believe that that negligence occurred in Edgecombe or Nash County, but we don't know yet. And so we couldn't allege that in specificity....
 

 It is exactly the reason that we're entitled to discovery before this matter is ri[pe] to be heard, Your Honor.
 

 ...
 

 [U]ntil we have a chance to conduct other discovery, we won't know where that negligence occurred.
 

 ...
 

 [T]his is not ripe to be heard at this moment until discovery has been complete and until factual determinations have been made.
 

 Not surprisingly, plaintiffs have cited to no authority to support their contention that a motion on venue cannot be heard until discovery has been completed, as this is not the law. The law is clear: venue is properly determined at the commencement of the action by the factual allegations of the complaint.
 
 See
 

 Caldwell
 
 ,
 
 203 N.C.App. at 729
 
 ,
 
 692 S.E.2d at 486
 
 (holding venue improper in Dare County where the plaintiffs' complaint and the defendant's affidavit indicated no party resided in that county at the commencement of the action). Discovery is not a tool for assessing where an action should ultimately proceed. And where, as here, certain parties have been dismissed from the action, it is as though those parties were never a part of the action.
 
 See
 

 Mitchell
 
 ,
 
 272 N.C. at 502
 
 ,
 
 158 S.E.2d at 709
 
 . Thus, as plaintiffs have repeatedly admitted that at the commencement of this action they had no facts which they could plead as to any acts or omissions by the remaining parties occurring outside of Lenoir County, this matter should be transferred to Lenoir County.
 

 *883
 
 Accordingly, the trial court's order denying defendant-appellants' motion to change venue is
 

 REVERSED.
 

 Judges STEPHENS and DILLON concur.